## KISSEBERTH v. PRESCOTT et al.

### (Circuit Court, D. Massachusetts. January 5, 1899.)

### No. 737.

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—KANSAS STATUTE.
    Gen. St. Kan. 1889, par. 1204, gives creditors of a dissolved Kansas corporation a right of action for their debts against the stockholders, and further provides that stockholders from whom a debt of the corporation is so collected shall have an action against all other stockholders for contribution, and, in case any stockholder shall not have sufficient property to satisfy his portion of an execution issued on a judgment in such action, "the deficiency shall be divided equally among the remaining stockholders." *Held* that, construing said section in connection with the other provisions of the statute, the word "equally," as used therein, does not mean that each of the other stockholders shall pay an equal amount of such deficiency, but an amount in proportion to his stock.[1]

2. SAME—ACTIONS IN OTHER JURISDICTIONS.
    The right of action given a creditor against a stockholder by said section is not confined to the jurisdiction of Kansas, nor is it dependent on the ability of the defendant stockholder to enforce contribution in the same jurisdiction in which he is himself sued.

---

[1] As to liability of stockholders of corporation to creditors, see note to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315.

**3. SAME—SUIT BY TRANSFEREE.**
The liability of stockholders created by said section is not to those persons only who were creditors at the time of the dissolution, but is for the debts of the corporation; and the holder of a negotiable instrument issued by the corporation, though acquiring such instrument after the dissolution, or after its maturity, may maintain an action thereon against a stockholder in his own name.

This is an action by Helen Kisseberth against Oliver Prescott and others, as executors, to enforce the liability of their testator as a stockholder in an insolvent Kansas corporation. Heard on demurrer to the declaration.

Jaquith & Bigelow, for plaintiff.
Crapo, Clifford & Clifford, for defendants.

LOWELL, District Judge. The first count of the declaration in this case alleges that the plaintiff is a citizen of Ohio; that she is the owner of a coupon bond for $1,000, payable April 1, 1898, issued by the Davidson Investment Company, a corporation organized under the laws of the state of Kansas; that the corporation is not a railway or a religious or a charitable corporation; that the three defendants are severally citizens of Massachusetts, Maryland, and New York, and are executors of one Abbe, late a citizen of Massachusetts, who on March 15, 1893, and thereafter until his decease, was a stockholder in the said corporation, owning 50 shares, of the par value of $100 each, his interest in the corporation being now held by his estate, which is liable as a stockholder in the corporation up to the par value of his stock; that the corporation suspended all its business on or about March 15, 1893, and since that time has carried on no business whatsoever; that it is insolvent, and has no assets whatsoever, wherefore it is deemed dissolved, for the purpose of enabling any of its creditors to prosecute suits against its stockholders to enforce the individual liability of the latter under the provisions of the General Statutes of Kansas of 1889 (paragraph 1200); that paragraph 1204 imposes a liability upon Abbe's estate in the hands of the defendants for the amount of the plaintiff's debt, up to the par value of the stock held and owned by Abbe; and that the estate of Abbe in the defendants' hands is therefore liable for the said debt. Other counts set forth similar liabilities on other similar bonds. The defendants demur upon three grounds: First, that the declaration sets forth no cause of action; second, that by the declaration it appears that the plaintiff seeks to enforce in this court a remedy created by the statutes of Kansas, which cannot and will not be enforced in this court; and, third, that it does not appear in the declaration that the plaintiff was a creditor of the corporation at the time of its dissolution.

Section 1204 of the Kansas Statutes reads as follows:

"If any corporation, created under this or any general statute of this state, except railway or charitable or religious corporations, be dissolved, leaving debts unpaid, suits may be brought against any person or persons, who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of dissolution, for the recovery of the portion of such debt, for which they are liable, and

the execution upon the judgment shall direct the collection to be made from property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved."

The defendants' first contention is that this section is unconstitutional, because in conflict with that part of the constitution of Kansas which provides that:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law." Const. art. 12, § 2.

The clause of section 1204 which provides that, if any stockholders sued by a fellow stockholder for reimbursement of his payments on account of the debts of the corporation shall not have property sufficient to satisfy their portion of the execution issued against them, then the deficiency shall be divided equally among the remaining stockholders, is said to impose upon the remaining stockholders a liability greater than that imposed by the constitution. The defendants contend that, under this provision for equal division, a stockholder owning 1 share is bound to pay as large a part of the unsatisfied execution as is a stockholder owning 100 shares, and that a small stockholder may thus be compelled to pay more than twice the par value of his stock, the limit fixed by the constitution. The construction of the word "equally" thus contended for seems to me strained and unnatural, even if section 1204 is read apart from sections 1200, 1205, and 1206, and to be wholly inadmissible if the sections mentioned are read together. So to interpret the section would be difficult, though the interpretation were necessary to save its constitutionality, and becomes quite impossible when, as here, the interpretation would render the section unconstitutional. Doubtless, the statute is badly drawn, and its precise meaning is not in all parts readily to be understood, but I do not discover in it any intention on the part of the legislature to override the constitution.

The defendants further contend that the declaration does not set out that the corporation was "created under this or any general statute of the state," as provided by section 1204, but only that it was duly organized under the laws of Kansas. Under the general language of the demurrer, I doubt if this objection is open to the defendants at this time; but the plaintiff had better amend, and she has leave to do so accordingly.

The defendants further contend that the right given to the plaintiff by section 1204 cannot be enforced in this court, because this court may not be able to enforce the contribution provided for in the latter part of the section. Even if it were admitted that no suit for contribution could be brought in this jurisdiction (and this is by no means clear), I do not think that the enforcement of the creditor's right against the stockholder is meant to depend upon the ability of the stockholder to secure contribution in the same jurisdiction in which he is himself sued. The defendants contend that the remedy given by section 1204 is confined to the jurisdiction of Kansas. Such a limita-

tion would leave the remedy practically worthless to the creditor, while imposing upon the stockholder found in Kansas a burden which stockholders not found there would not fully share. I find no evidence in the statute of an intention thus to discriminate against the Kansas stockholder.

The defendants further contend that section 1204 gives a remedy only to such creditors as were creditors at the time of the dissolution of the corporation, and that the declaration does not allege that the plaintiff was at that time the owner of the bond in suit. It is maintained that the liability created by section 1204 is a liability to the corporation's creditors, and not a liability for the corporation's debts, and that this liability, though arising upon a negotiable bond having some time to run, is so fixed by the constructive dissolution of the corporation that a subsequent purchaser of the bond is but the assignee of a nonnegotiable chose in action, who must in this court sue in the name of his assignor. In order to establish her right to sue the stockholder, the plaintiff, it is contended, should have averred her ownership of the bond at the time of the alleged dissolution of the corporation. I find nothing in section 1204 which renders the stockholders liable to the corporation's creditors, rather than liable for the corporation's debts; and even if the constructive dissolution of the corporation made the bond thereupon payable, which is very doubtful,—see Cottrell v. Manlove (Kan. Sup.) 49 Pac. 519,—even if, when the bond became thus constructively payable, it was thereafter overdue, so that it would be taken subject to equities, yet all this would avail the defendants nothing; for the holder of a negotiable instrument, who has acquired it after maturity, may, though subject to equities, yet maintain suit on it in his own name. I can see nothing to liken the plaintiff's position in this case, even though she bought the bond after the dissolution of the corporation, to the position of the assignee of a nonnegotiable chose in action. Upon plaintiff's amendment as above suggested, demurrer to be overruled.