KISSEBERTH v. PRESCOTT et al.

(Circuit Court, D. Massachusetts. July 6, 1899.)

No. 737.

CORPORATIONS—ACTION TO ENFORCE STATUTORY LIABILITY OF STOCKHOLDER—EFFECT OF REPEAL OF STATUTE.

Under Gen. St. Kan. 1889, par. 6687, prescribing rules for the construction of the statutes of the state, and which provides generally that the repeal of a statute shall not affect any right accrued, nor any proceeding commenced, under such statute, Laws 1899, c. 10, repealing the prior statute which gave creditors of a corporation a right of action against stockholders to recover their debts, does not affect an action brought to reinforce such liability, and pending at the time of the repeal.

Jaquith & Bigelow, for plaintiff.
Crapo, Clifford & Clifford, for defendants.

LOWELL, District Judge. The defendants' demurrer in this case was overruled. 91 Fed. 611. The defendants now contend that the plaintiff cannot maintain this action by reason of chapter 10 of the Kansas Statutes of the Special Session of 1899. The chapter cited repeals the statutory provisions upon which this action is based, and, for the future at least, deprives the individual creditor of the corporation of all right and remedy to enforce the individual liability of the corporation's stockholders, in lieu thereof vesting all right of recovery

against the stockholders in a receiver of the corporation. But the repealing statute just cited must be construed with reference to Gen. St. Kan. 1889, par. 6687, which is as follows:

"In the construction of the statutes of this state, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute: First. The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed."

The language of this section and the construction repeatedly given it by the supreme court of Kansas show clearly that chapter 10 of the Statutes of 1899 was not intended to deprive the plaintiff in this case of his right to proceed further with this action. State v. Boyle, 10 Kan. 113; State v. Crawford, 11 Kan. 32. Under these circumstances, it is not necessary to consider if the legislature of Kansas had the constitutional authority to deprive the plaintiff of the rights he seeks to enforce in this action. According to the terms of the stipulation filed in this case, the case is to stand for trial at the next term.