Krider v. Coley.

## J. H. KRIDER v. L. J. COLEY.

### No. 131.

1. PLEADING — *Stockholder's Liability* — *Averments of Petition.*
It is not necessary in order to charge a cause of action under paragraphs 1200 and 1204 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 66, §§45 and 49), against a stockholder of a dissolved corporation, that the petition should aver the recovery of judgment against the corporation or the return of execution thereon that the corporation has no property.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS — *Allowance by Assignee, Effect of.* An assignee, in the allowance of claims against the assignor, under the provisions of chapter 6 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 111), acts judicially. The cause of action against the assignor merges in the judgment rendered by the assignee, and such judgment is a proper foundation for a suit against the stockholders of such assignor.

3. PLEADING — *Allegation of Dissolution of Corporation* — *Construction of Petition.* In such an action against a stockholder of an incorporated banking company, an allegation that the company made an assignment of all its assets at a date more than a year prior to the commencement of the suit, that it was then and ever since has been wholly insolvent and without assets, save those in the hands of its assignee, is equivalent to an averment that the company has suspended business for more than a year.

Error from Decatur district court; A. C. T. GEIGER, judge.   Opinion filed January 10, 1898.   Affirmed.

*Bertram & Wilson*, for plaintiff in error.

*Tully Scott*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. :   Action by Coley against Krider under paragraph 1204 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 49), to charge the defendant as stockholder in the State Bank of Oberlin on a debt of the bank to the plaintiff.

The only question presented is the sufficiency of the

petition.    The defendant first demurred to the petition upon the ground of insufficiency of facts alleged to constitute a cause of action.    His demurrer being overruled by the court, he elected to stand thereon. If the allegations of the petition are sufficient to charge defendant as a stockholder, the plaintiff was entitled to judgment without a trial, as there were no issues to try.    However, the plaintiff proceeded to prove his case, and an objection was interposed upon the same grounds, which the court overruled.    There was then an agreed statement of facts reduced to writing by the parties — substantially a repetition of the petition — and the cause submitted to the court thereon, and there was judgment for the plaintiff for the amount agreed to be due him from the bank.

The principal contention is, that under the statute it was a necessary prerequisite to the action that the plaintiff should have reduced his claim to a judgment against the bank, and should have had execution thereon returned "No property."    This contention cannot be sustained.    The error of the defendant's counsel in this respect arises, or seems to us to arise, from a confusion of the provisions of article 5 with the provisions of article 4, chapter 23, of the General Statutes of 1889.

Under the provisions of paragraph 1204 of the General Statutes of 1889, as properly construed with the aid of paragraph 1200, it is only necessary to aver the existence of the corporation, the ownership of its stock by the defendant at the time of its dissolution, that the corporation is dissolved as provided by paragraph 1200, and the corporation's indebtedness to the plaintiff.

It is not necessary to aver a recovery of judgment and return of execution "No property" as it is under the provisions of article 4.

The petition does not in terms allege either that the corporation was dissolved or that it had suspended business for more than one year before suit was begun.

The petition was filed December 22, 1896. It is alleged in the petition and admitted as a fact that the bank did, on the 12th day of July, 1893, make an assignment under the statutes of the state of all its assets to an assignee, and that he has administered all of its assets as such assignee, and that he made his final report as such assignee September 2, 1896 ; that the bank — a corporation — had no assets at the time the action was commenced, and was insolvent, and had been since its assignment. These allegations and admissions are equivalent to an allegation of a suspension of its business for more than a year before suit. Such suspension is by the terms of paragraph 1200 a dissolution, for the purpose of enabling the creditor to maintain this suit under paragraph 1204.

The contention that the plaintiff does not allege a cause of action against the bank cannot be sustained. The judgment of the assignee of the bank is conclusive evidence of a debt. The causes of action upon the certificate of deposit and deposit account were merged in that judgment. (*The State v. Kansas Ins. Co.*, 32 Kan. 656 ; *Ball v. Reese*, 58 id. 614, 50 Pac. Rep. 875.)

The judgment is correct, and is affirmed.

WELLS, J,, concurring.

McELROY, J., dissenting.