S. SLEEPER v. S. N. NORRIS.

No. 10786.

1. CORPORATION CEASING BUSINESS FOR MORE THAN ONE YEAR— *not deemed dissolved, except for purpose of enforcing individual liability of stockholders.* A corporation which ceases to do business for more than one year is deemed to be dissolved, for the purpose of enabling creditors to enforce the individual liability of stockholders; but such cessation of business does not operate as a legal and complete dissolution of the corporation for any purpose other than the one named.

2. STOCKHOLDERS' INDIVIDUAL LIABILITY — *enforcement of, not precluded because of assets in hands of corporation's assignee.* A creditor of an insolvent corporation may enforce the individual

liability of stockholders, under the provisions of section 50, chapter 66, General Statutes of 1897, when there is no property subject to be taken on execution, notwithstanding there may at the time be assets of the corporation in the hands of an assignee to be ultimately applied in payment of corporate debts.

Error from Pawnee District Court. S. W. Vandivert, Judge. Opinion filed July 8, 1898. *Reversed*.

*Stebbins & Evans*, for plaintiff in error.

*Samuel Jones* and *W. H. Vernon*, for defendant in error.

JOHNSTON, J. This is a proceeding by S. Sleeper, a depositor and creditor, to enforce the liability of S. N. Norris as a stockholder of the Pawnee County Bank, of Larned, which failed and made a general assignment on July 3, 1893. Sleeper filed his claim with the assignee, in good time and as the law provides, and later he received and accepted from the assignee a dividend of ten per cent. upon his claim. Afterward, and while the assignment was pending, he brought an action against the bank, in the District Court, and, on September 17, 1895, recovered a judgment against the bank for $2411. On September 19, 1895, an execution was duly issued upon the judgment, and the return made thereon by the sheriff was — "No goods or chattels, lands or tenements of the said defendant, the Pawnee County Bank, found whereon to levy." Sleeper thereupon, and on November 7, 1895, brought this action in the District Court to charge the defendant as a stockholder. He first filed a petition setting up the deposits and the original indebtedness upon which the judgment was obtained, as well as the judgment, and the issue and return of the execution. Upon a motion of the defendant, the plaintiff was compelled to state whether his cause of action was based upon the certificates of deposit or upon the judgment;

and in the amended petition he set forth the judgment, omitting the original certificates of deposit. It was alleged and conceded that Norris was a stockholder in the bank, holding stock of the par value of $2500, of which the sum of $1750 remained unpaid.

In addition to the facts already stated, it was agreed that the assignee still had a portion of the corporate assets in his hands which were of less value than the total amount of the bank's indebtedness ; and, further, that the indebtedness exceeded the value of the assets by at least the amount of the plaintiff's judgment. There was a further stipulation that the bank had transacted no business since the date of the assignment, in July, 1893, and that the indebtedness upon which the plaintiff's judgment against the bank is based was a valid indebtedness.

The case was submitted upon the pleadings and agreed statement of facts, upon which the court rendered judgment in favor of the defendant. Do the facts stated warrant the enforcement of the liability of Norris as a stockholder in the insolvent bank, and were the proceedings taken sufficient for that purpose?

The contention is that the action is brought under section 50, chapter 66, General Statutes of 1897, and that it cannot be maintained, because the assets of the corporation had not been wholly exhausted before the action was begun. It is agreed that there were assets in the hands of the assignee, and, while 2. Enforcement of stockholder's liability not precluded, when. the actual value is not shown, it must be assumed that they were of some value and were available for the purpose of paying debts. It is argued that, as the primary liability is against the corporation, corporate creditors cannot proceed against the stockholders until the property of the corporation is completely exhausted.

The nature of the liability and the time and mode

of its enforcement are to be determined from the statutes, and not by the notions which particular courts might entertain as to what would be equitable and just in such cases. The provisions of the statute in question; which fix the liability of a stockholder, are plain, and leave little room for interpretation. The remedy prescribed in said section 50 may be employed and the liability of the stockholder enforced whenever there cannot be found any property whereon to levy the execution. If there is property subject to execution, as was the case in *Hoyt v. Bunker* (50 Kan. 574, 32 Pac. 126), the judgment creditors cannot proceed against the stockholder under the section named. But when the property of the corporation is beyond the reach of execution, a right to enforce the stockholders' liability is specifically given. No exceptions are made where there is property in the hands of an assignee or receiver which may ultimately be available for the payment of debts, and the court would not be warranted in interpreting such an exception into the statute. As has been said, the time and method of enforcing liability is with the Legislature. It might have provided a direct resort by creditors upon stockholders in the first instance. Instead of that, it seems to have been the legislative purpose that, while the corporation was solvent or had property subject to execution, the creditor should be required in the first instance to proceed against the corporation or its property, but when it ceased to do business, or had committed or suffered an act of insolvency by which it lost control of its own affairs and its property had been placed beyond the reach of execution, the creditors had a right to call upon the stockholders to satisfy their claims. It may seem like a hardship that stockholders should be required to pay when there is a large amount of assets in the hands of

an assignee or receiver for distribution among credit-
ors, but the settlement of such estates frequently oc-
cupies considerable time ; and should the enforcement
of the liability be postponed until the final disposition
of the assets? The liability of the stockholder was
created for the exclusive benefit of corporate creditors ;
and it was a question of policy with the Legislature,
who should wait until the disposition of the assets,
the stockholder or the creditor. It appears to have
been determined in favor of the creditor. It may be,
as contended, that the assignee can proceed against
the stockholders and thus obtain a fund for the settle-
ment of the corporate indebtedness ; but, however
that may be, the statute in plain terms confers this
right upon the creditor himself, and hence the con-
tention of the defendant that the right of action is
vested exclusively in the assignee cannot be upheld.

The defendant argues that the plaintiff was mis-
taken in the adoption of remedies, and should have
proceeded under section 49 instead of section 50. We
find nothing substantial in this contention. The
plaintiff had a valid judgment against the corporation
and execution thereon was duly issued, and the return
made shows substantially that there is no property
upon which execution may be levied. From the facts
disclosed by the record, it would appear that the plain-
tiff was authorized to proceed under either section, al-
though the petition appears to have been drawn with
special reference to section 50. The original petition
set forth the character of the indebtedness upon which
the judgment was based, and there is a stipulation
in the agreed facts that at the time the judgment
was rendered the bank was indebted to the plaintiff to
the amount of the judgment and legal interest. It
thus appears that, if the judgment were ignored, there
is sufficient in the record to warrant a judgment against

the stockholder upon the original indebtedness, under section 49. That section provides that the creditors may enforce the stockholders' liability upon the dissolution of the corporation, and section 45 of the same chapter provides that, for the purpose of enabling creditors to enforce such liability, the corporation is deemed to be dissolved where it has suspended business for more than one year. As against the validity of the judgment, the defendant contends that, as the bank ceased to do business in July, 1893, it became dissolved and legally dead within one year thereafter; and that when the judgment was rendered in September, 1895, the corporation was defunct and the judgment is therefore void. The provision of section 45, however, was not intended to extinguish the franchises or destroy the life of the corporation for all purposes. The cessation of business does not operate as a legal or complete dissolution of the corporation, but it is deemed to be dissolved for but a single purpose; that of enabling creditors to enforce the individual liability of stockholders. For all other purposes the bank continued to be a corporation, in the eye of the law, and creditors had a right to sue the bank in its corporate capacity. Morawetz on Private Corporations (1st ed.), § 629. No reason is seen why the plaintiff could not obtain a judgment against the bank. The obtaining of the judgment was an attempt to enforce liability against the corporation and not against the stockholder. For that purpose the bank was an existing corporation, subject to be sued, and when proper service of summons was had a valid judgment could be obtained against it.

1. Corporation not dissolved, when.

The judgment obtained appears to be valid in every respect. An execution was issued thereon, which was returned *nulla bona*. The defendant is unquestionably

liable as a stockholder, and no reason appears why the liability should not be enforced at the instance and for the benefit of the plaintiff. The proceedings had were sufficient for that purpose, and hence the judgment of the district court will be reversed and the cause remanded for further proceedings in accordance with this opinion.