DAVID A. KOHN *et al.* v. F. B. HINE, *Assignee, et al.*

No. 180.

1. JURISDICTION *of District Court—Appeal from Decision of Assignee.* Upon an appeal to the district court from the decision of an assignee, the jurisdiction of the district court is appellate only.

2. ASSIGNEE— *Powers of — Statutory Officer.* An assignee is a statutory officer, having no powers except such as are expressly derived from the statutes.

3. ——— *Allowance of Claims—Frauds between Creditors.* An assignee has no power to disallow a valid claim against the assignor for the reason that the owner of the claim has committed a fraud upon another creditor. Neither has he the power to allow the claim and pay to the defrauded creditor the sum demanded by him. He has no equitable jurisdiction.

Error from Edwards district court; S. W. VANDI-VERT, judge. Opinion filed August 19, 1898. Affirmed.

*J. W. Rose*, for plaintiffs in error.

*W. N. Beezley*, and *F. D. Smith*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : F. B. Hine is the assignee of W. L. Seamens, and as such assignee allowed the claim of the plaintiffs in error, amounting to $1254.75, and on the same day Scott Yeatman, as receiver of the Kinsley Exchange Bank, filed a claim against said W. L. Seamens amounting to $5000. The plaintiffs in error filed their written objections to the allowance of the claim of the bank and " asked that their claim be adjudged to be a prior and superior claim on the funds now in the hands of the assignee, and that the Kinsley Exchange Bank be decreed estopped from receiving any share of the funds in the hands of the assignee until the claim of Kohn Bros. be paid in full." They set up a claim of fraud against the bank, alleging that it, by its cashier, C. H. Seamens, had misrepresented the financial condition of W. L. Seamens to them, and had promised to see them paid in full if they would refrain from crowding the collection of their claim against W. L. Seamens, and had represented to them that they — Kohn Bros.— were his only creditors of importance, thereby concealing the fact that W. L. Seamens was indebted to the bank in the sum of over $5000, and that they relied upon these representations, and complied with the bank's request to give W. L. Seamens more time.

The assignee found that the allegations of the plaintiffs in error were true, but decided that under the statute he had no power to make the order asked for.

The plaintiffs in error, feeling aggrieved by the decision of the assignee, appealed to the district court. In the district court the plaintiffs in error, by consent, filed a petition in equity in this case, in which they set up practically the same state of facts as were set out

in their objections before the assignee and ask for the same relief.

To this petition in equity the receiver of the bank filed a demurrer, upon the grounds that the petition did not state facts sufficient to authorize the relief prayed for, which demurrer was by the court sustained. The case upon the appeal from the decision of the receiver was then submitted to the court upon an agreed statement of facts, of which the following is a copy :

"It is hereby stipulated and agreed by and between Kohn Bros., appellants from the decision of F. B. Hine, assignee of W. L. Seamens, and Scott Yeatman, receiver of the Kinsley Exchange Bank, that the following may be treated as the evidence and facts in this case :

"It is agreed that all the allegations and averments of fact in the objection of Kohn Bros. to the allowance of the claim of Scott Yeatman, receiver, are true.

"It is further agreed, that the letters and statements named and set forth in the petition of Kohn Bros. filed in this matter are true copies of the originals, and shall be introduced in this case as evidence and treated the same as if they were the originals.

"It is further agreed, that prior to the 10th day of September, 1892, Kohn Bros. had no acquaintance with or knowledge of the financial condition or standing of W. L. Seamens.

"It is admitted that at the time W. L. Seamens made the statement to Kohn Bros., of the date September 10, 1892, he was indebted to the Kinsley Exchange Bank in the sum of $5600, and that said indebtedness to the Kinsley Exchange Bank continued down to the time of this trial.

"It is admitted that there were three notes, one dated November 18, 1892, for $865.60 ; one dated January 5, 1893, for $3000, and one dated June 1, 1893, for $1200, and also one other note of $550, which has been assigned to an innocent purchaser

prior to the time of the failure of the bank or the making of said agreement.

"It is admitted that the notes above-mentioned are renewals of previous indebtedness of W. L. Seamens to the Kinsley Exchange Bank.

"It is further admitted, that both of the statements made by W. L. Seamens to Kohn Bros. were false, in that the same did not disclose said indebtedness to the Kinsley Exchange Bank.

"It is further admitted, that the letter of May 5, 1893, by C. H. Seamens, cashier, to Kohn Bros., was false, in that at the time said bank held over $5000 of notes which W. L. Seamens was owing to the bank.

"It is admitted that C. H. Seamens knew this fact.

"It is also admitted that W. L. Seamens knew that each of his said statements was false in the particular above given.

"It is further admitted, that Kohn Bros. extended the time of the payment of their account upon the strength of the letter of C. H. Seamens, cashier, dated May 5.

"It is admitted that Kohn Bros. believed each of the letters herein made a part of this agreed statement of facts to be true and relied upon the same.

"It is further admitted by the parties hereto, that W. L. Seamens purchased of and from Kohn Bros. clothing to an amount exceeding in all the sum of $1900 ; and that said clothing so purchased by W. L. Seamens entered into and became a part of the stock of merchandise of said W. L. Seamens turned over and delivered to F. B. Hine, assignee.

"It is further admitted, that there is due and owing to Kohn Bros. from W. L. Seamens, and from F. B. Hine as his assignee, the sum of $1254.75, with interest thereon at the rate of six per cent. per annum from the 14th day of December, 1893, and it is admitted that all of said sum is unpaid."

The receiver filed a demurrer to the evidence, which demurrer was by the court sustained. The case is brought to this court for a review of the orders of the court sustaining the said demurrers.

The only question we deem worthy of consideration is, whether the plaintiffs are entitled to the relief sought, upon an appeal from the decision of the assignee. We are at a loss to understand the position taken by the counsel for the plaintiffs in error. His pleadings and argument may be fairly expressed by the following statement in his reply brief :

"Our prayer is not that these funds be treated as a special trust fund in our favor, but the whole relief which is asked is that it be adjudged that the bank, by reason of its fraud, cannot, either in law or equity, be heard to present its claim to our detriment."

It is claimed that the assignee of W. L. Seamens can pay about forty per cent. from a sale of the assigned property. The claim of plaintiffs in error was over $1200, of which they will receive about $500, leaving a balance of about $700. The claim of the bank is over $5000, of which there is about $2000 in the hands of the assignee.

There is nothing to show the number of creditors or the amount of the indebtedness. Should the assignee refuse to allow the claim of the bank, the $2000 would be divided *pro rata* among all the creditors, including plaintiffs in error. Will this pay them in full? We do not know. Then again, the other creditors will participate in the division of the $2000 if the claim of the bank is disallowed, and there is no contention that the bank had been guilty of any fraud toward them.

On the other hand, it is claimed to be the duty of the assignee to allow the claim of the bank and pay to the plaintiffs in error the $700 and to the receiver of the bank the remainder.

Did the assignee have the authority to make either order? If he had not, then the district court had no

such power, for "the jurisdiction of the district court is exclusively and wholly appellate; its original jurisdiction is not invoked at all." (*Ball v. Biggam*, 43 Kan. 327.)

Appeals from the decision of the assignee shall be taken to the district court and tried in the same manner as appeals from the judgment of a justice of the peace. (Gen. Stat. 1897, ch. 111, §§ 30 and 31.)

An assignee is a statutory officer, having no powers except such as are expressly derived from the statute; and it is his duty to adjust and allow demands against the estate and effects of the assignor. He has no power to refuse to allow a valid demand against the estate because the owner of the claim has committed a fraud against another creditor. Neither has he the power to allow the claim and pay to the defrauded creditor the amount demanded by him.

The district court in an original proceeding brought before it for that purpose has full equitable jurisdiction to make such an order, but an assignee has no equitable jurisdiction.

The judgment of the district court is affirmed.