# The Oberlin Loan, Trust and Banking Company v. E. A. Kitchen.

## No. 159.

1. Pleading— *Written Instrument—Copy of Judgment.* A judgment is such an instrument as section 118 of the code (Gen. Stat. 1897, ch. 95, § 118, Gen. Stat. 1889, ¶ 4201) requires to be set out by copy attached to and filed with the petition.

2. Assignment for Benefit of Creditors—*Allowance of Claim—Merger.* In the allowance of a claim against an assigned estate by the assignee, his determination is in the nature of a judgment *in rem*, and affects only the assigned estate. There is no merger of the original cause of action, and such determination and judgment cannot be declared on in an action by a creditor against the assignor as an independent cause of action as could a judgment *in personam*.

Error from Decatur district court; A. C. T. Geiger, judge. Opinion filed May 19, 1899. Reversed.

*Bertram & Wilson,* for plaintiff in error.
*Tully Scott,* for defendant in error.

The opinion of the court was delivered by

McElroy, J.: The defendant in error, E. A. Kitchen, commenced his action against the Oberlin Loan, Trust and Banking Company for the recovery of $940, with interest, and alleged that the defendant company was a corporation ; that, being insolvent, it made an assignment of its property to W. A. Smith, as assignee ; that afterward Charles H. Tilden was elected assignee by the creditors, accepted the trust, and has ever since been the qualified assignee ; that Charles H. Tilden, as assignee, after having first given notice in the time and manner provided by law, passed on the claim of E. A. Kitchen presented for allowance, found that there was due from the defendant thereon

the sum of $990, with interest at seven per cent., and allowed the same; that such sum of money was justly due and remains wholly unpaid; that the assignee paid, as dividends thereon, the sum of fifty dollars; that no other payments have been made, and that there remains due and unpaid from the Oberlin Loan, Trust and Banking Company to the plaintiff the sum of $940, with interest.

The defendant filed a motion that the court require the plaintiff to make his petition more definite and certain, in that he state the true nature, kind and character of the debt sued on; if on a contract, state whether express or implied, written or verbal, and if written, that he be required to set out a copy thereof, which motion was overruled, and the defendant then filed a general denial. The case was called for trial, and the parties waived a jury and submitted the case to the court on the pleadings and evidence. The court rendered judgment for plaintiff for the sum of $1029.30, with interest, the defendant's motion for a new trial was overruled, and it presents the case to this court for review.

It is conceded that the action is founded on the decision of an assignee. His determination is treated as a judgment, and the action is brought thereon. The petition appears to be defective in that there is no copy of the judgment or determination of the assignee set out. If the determination of the assignee is such a judgment as can be declared on as a cause of action, it is necessary to set out a copy of it. A judgment, when declared on as a cause of action, is such a written instrument as section 118 of the code requires to be set out by copy attached to and filed with the petition. (*U. P. Railway Co. v. McCarty*, 8 Kan. 125;

*Burnes v. Simpson*, 9 id. 663.)   In *Burnes v. Simpson*, supra, the court says :

  "There was no copy of the judgment sued on attached to the petition.   We think this was such an instrument as the code requires to be filed with the pleadings ; but the defect was one to be corrected on motion, not by demurrer.   In states like Indiana, where the code makes the instrument or account on which the pleading is founded a part of the record, the not filing it may well be taken advantage of by demurrer ; but in a code like ours such a practice is not logical, and ought not to be enforced."

This leads to the inquiry as to the effect of the determination and judgment of the assignee on the original cause of action.   Chapter 111, General Statutes of 1897 (Gen. Stat. 1889, ¶ 361), provides :

  "Sec. 16. The assignee shall appoint a day, within six months after the date of the assignment, and a place, which shall be at the county-seat of the county where the inventory is filed, when and where he will proceed publicly to adjust and allow demands against the estate and effects of the assignor."

  "Sec. 26. The assignee shall require such evidence, and no other, of the justice of such demands as is required to establish demands of a similar character in the district court in suits between the original parties to the contract.

  "Sec. 27. The assignee shall have power to administer all necessary oaths to debtors, creditors, and witnesses, and may examine them on oath touching any claim exhibited to him for allowance.

  "Sec. 28. The decision of the assignee in relation to all claims presented to him for allowance shall be final, unless a creditor or some other person interested shall, after a decision is made on any such claim, ask an appeal therefrom, and all appeals so asked shall be allowed by such assignee to the district court of the county having jurisdiction thereof."

This brings us to the more important inquiry,

whether an indebtedness, or cause of action, is merged in the findings, determination and judgment of an assignee, so that such determination can be used as an independent cause of action and form the basis of a recovery as against the assignor. The majority of courts of final resort in this country hold that the allowance and partial payment of a claim by an assignee will not prevent the statute of limitations running against the original claim. This would seem to indicate that the courts recognize the right of action to be on the original claim and not on the allowance of an assignee. The supreme court of this state, however, has taken a different view of the question, holding that the allowance and partial payment by the assignee does prevent the running of the statute of limitations on an original demand. (*Letson v. Kenyon*, 31 Kan. 301, 1 Pac. 562.)

The decision in the case of *The State v. Kansas Ins. Co.*, 32 Kan. 655, 5 Pac. 190, is not in conflict with the views herein expressed. In that case a creditor presented his claim, which was disallowed by the assignee, from whose determination no appeal was prosecuted. The creditor procured a judgment on the original claim in another state, and subsequently attempted to have the same paid out of the assigned estate, which had passed into the hands of a receiver. It was held that the determination of the assignee was final, and that the creditor was not entitled to share in the distribution of the assets of the assigned estate. The former adjudication was final so far as the assignment proceedings were concerned, and the court held it conclusive to the extent of refusing the creditor any benefits in the assigned estate, and to that extent only.

In the case of *Limbocker v. Higinbotham*, 52 Kan. 696, 35 Pac. 783, the court says :

"An assignment for the benefit of creditors having been made, which is still open, can a creditor who has presented and had allowed in full a claim against the estate, which has not been paid, maintain an action upon the original claim against the assignor? No provision of the statute relating to assignments which would preclude or suspend the right of a creditor to recover a personal judgment against the assignor has been brought to our attention, and we find nothing in the nature and effect of such proceedings which would sustain such a claim. The act of assignment does not pay the debts nor discharge the assignor from liability for their payment. The assignment proceeding is in the nature of a proceeding *in rem*, and all who desire to share in the assigned assets must conform to the procedure prescribed by the statute. The adjudication of the assignee is binding upon the interests of every person whomsoever in the *res* or property brought within his jurisdiction, but this adjudication is not personally binding upon the assignor like a judgment *in personam*, and is not enforceable by general process. . . . The effort of the creditor to receive his *pro rata* share of an estate, assigned for the benefit of all, should not preclude him from converting his claim into a judgment against the assignor, which might at once become a lien against the unassigned estate, or enforceable by execution against it. The allowance by the assignee cannot be so used, and is of no avail to him outside of the assignment proceedings. . . . We conclude that the plaintiff was entitled to recover a personal judgment against the defendant upon the original claim for any amount that might be due thereon, regardless of the assignment proceedings."

In *Cackley v. Smith*, 47 Kan. 642, 28 Pac. 617, the court says :

" To make the merger complete, so as to be a bar to any future action upon the same obligation, there

29—8 KAN. APP.

must necessarily be a judgment; and such a judg-
ment, too, as can be enforced.   Can it be said in this
case that the plaintiff below obtained such an order
in the common pleas court of Jackson county, Ohio,
as he could make available in the collection of his
debt after the property subjected to the payment of
certain creditors of Cackley had been exhausted?   Or,
in other words, could he have brought suit upon the
proceedings had in that court and obtained any relief ?
There was only a finding of the amount due each one
of the creditors ; and in the same finding of the court
there was an order directing the payment of the pro-
ceeds to other creditors, which left the plaintiff below
in the same condition as when he filed his answer.
He had obtained nothing upon his note, and had no
order, decree or judgment which he could enforce.''

It appears that the judgment of the assignee in
such proceedings is a judgment *in rem* and affects only
the assigned estate, and there is no merger of the
original indebtedness in a judgment *in rem*.   The
assignee had no power or authority to render a judg-
ment against the assignor which could be enforced,
except to the extent of permitting the creditor to
share with all other creditors in the assigned estate,
or debar him from that privilege.   The judgment is
not a judgment *in personam* and cannot be enforced
by execution, nor does it become a lien on the debtor's
property.   There is no merger of the original indebt-
edness.   This court, in the case of *Krider v. Coley*,
7 Kan. App. 349, 51 Pac. 919, expressed the opin-
ion that there was a merger of the original cause
of action in the judgment and determination of the
assignee.   The question in that case was of minor
importance and briefly argued.   We are constrained
to believe that in this respect the opinion in *Krider v.
Coley*, supra, is incorrect, and, so far as that decision
is in conflict with the views herein expressed, it is
overruled.

The judgment is reversed and the cause remanded for a new trial.

WELLS, J., concurring.

MAHAN, P. J. (dissenting) : I cannot agree with the conclusion of the court that the finding and allowance of a claim by an assignee is not evidence of an indebtedness except in the assignment proceeding. It is true the court went too far in *Krider v. Coley*, supra, in holding that in such cases there is a merger of the original cause of action in the assignee's judgment, in view of the later decisions of the supreme court. But it was not necessary to the validity of the judgment in that case that there should be a merger. So I think the opinion and second paragraph of the syllabus in this case go too far in the other direction. A debt or cause of action may be evidenced by more than one instrument. A judgment, award, bond, note or bill does not create the debt or cause of action, but is merely evidence of its existence — of the fact — conclusive or inconclusive. The debt, the cause of action, exists independently of the documents which constitute the evidence thereof. If the plaintiff intended to rely on the record of the proceedings in the assignment as evidence of his debt or claim, it was necessary under the provisions of the code to set them out or give some valid excuse for not doing so.

The supreme court has said that, inasmuch as the original evidence of the debt, as a note, bond, or bill, was not extinguished by a merger, it could be declared on as the basis of a suit to recover the debt, but it does not follow necessarily that the judicial determination of the assignee is not of sufficient validity to sustain an action to recover the portion of the debt remaining unpaid.