J. F. COTTRELL *et al.* v. O. MANLOVE *et al.*

No. 9673.

STOCKHOLDER'S INDIVIDUAL LIABILITY — *three-year limitation as to, runs from corporate dissolution and not from judgment against corporation.*  Under section 44, chapter 23, General Statutes of 1889, a right of action accrues in favor of the creditors of a corporation and against its stockholders upon the occurrence of its dissolution.  The liability of such stockholders under this section, and also under section 32 of the same chapter, is one created by statute, the period for the enforcement of which is three years ; and the creditor cannot extend such period by proceeding under said section 32 to obtain judgment against the dissolved corporation or its trustees and execution against the stockholders, instead of proceeding by direct action against the latter.

Error from Miami District Court.  Hon. John T. Burris, Judge.  Opinion filed July 10, 1897.  *Reversed.*

*R. W. Blue, J. D. McCleverty, Sheldon & Sheldon, J. S. Beeson* and *E. L. Gates*, for plaintiffs in error.

*Snoddy & Snoddy*, for defendants in error.

DOSTER, C. J.    The Kansas Commercial Mutual Fire Insurance Company was a corporation organized in 1882 under chapter 111 of the Laws of 1875.  By chapter 132, Laws of 1885, the act under which the

company did business was repealed; but companies incorporated under the earlier law were allowed until December 31, 1885, to reorganize in compliance with the later act. This company did not reorganize under the new law, but, on December 1, 1885, at a meeting of its members or stockholders, it resolved to cease business and close up its affairs. On December 23, 1885, the board of directors, in pursuance of such resolution of the members, notified all policy-holders that neither they nor the company would be liable for losses occurring after the thirty-first day of that month. Immediate steps in the process of closing the company's business were taken and continued, including among other things the appointment of a receiver. In July, 1886, during the period of liquidation of the company's affairs, the defendants in error, Manlove and Harkness, holding one of the company's policies, met with a loss; and, finally, on December 26, 1892, after protracted litigation, recovered judgment against the company. April 26, 1893, execution was issued on this judgment, and thereafter was returned unsatisfied. June 14, 1893, motions were made under the statute for leave to issue execution against the members, as stockholders of the company, for the collection of the judgment against it; which motions were allowed; and from the orders allowing them this proceeding in error was taken.

Under the above state of facts, the Statute of Limitations is invoked by the stockholders, the plaintiffs in error, in bar of the proceedings against them. Two remedies against stockholders of a corporation are afforded by the statute to its creditors. They are contained in sections 32 and 44 of the chapter on Corporations, General Statutes of 1889 (¶ ¶ 1192, 1204).

"SEC. 32. If any execution shall have been issued against the property or effects of a corporation, except

a railway or a religious or a charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment.''

"Sec. 44. If any corporation, created under this, or any general statute in this State, except railway or charitable or religious corporations, be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from the property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved.''

The remedies afforded by these two sections cannot be called cumulative, and considered equally open to creditors. One relates to the exigency of corporate insolvency; the other, to that of corporate dissolu-

tion.    Under one, the proceeding lies because the corporation is bankrupt, though not necessarily dissolved; under the other, because' it is dissolved, though not necessarily bankrupt.    The remedy of the section last quoted is open to the creditors immediately upon the dissolution of the corporation. Under its provisions, there is no occasion to await the recovery of a judgment against the company, but action may at once be brought against its stockholders.

The Commercial Mutual Fire Insurance Company was dissolved by operation of law on the thirty-first of December, 1885, through its failure to reorganize under chapter 132 of the Session Laws of that year. However, the statute, as it will be observed, affords the remedy in question "if a corporation be dissolved leaving debts unpaid"; and it may be said that it applies only to debts existing at the time of the dissolution, and hence not to the debt of the defendant in error, which did not come into existence until the occurrence of the loss, some time after the dissolution.    Indebtedness maturing after the dissolution, and growing out of a contingent liability existing at the time of such dissolution, is, in our judgment, within the intent of the act.    The controlling factors in the problem which arises under this statute are the *facts* of indebtedness and corporate dissolution, and not the *time* of their occurrence.

A right of action having accrued to the creditors against the stockholders upon the dissolution of the corporation and the occurrence of the loss, the Statute of Limitations necessarily started to run upon the happening of these events.    The liability of the stockholders being one created by statute, the period of limitation upon the right to enforce it was three years. If it were true that the remedy of judgment against

the corporation and execution thereafter against the stockholders is cumulative, and likewise open to the creditor, the possession of such additional remedy could not extend the period of limitation. The right to pursue the stockholders under one of these statutes is in nowise different from the right to do so under the other. The remedy is no more efficacious under one than the other. An election between mere statutory forms of procedure does not give a right to extend the statutory period of limitation for the commencement of such procedure. There are not two periods of limitation — one for each form of action; there is but one period of limitation for both actions.

Of course, it is not to be understood that in every case the right of action accrues against stockholders and that the statute starts to run in their favor from the maturity of the debt against the corporation. The case before us is that of a dissolved corporation. In such case, the statute gives an immediate right of action. Our holding is that the creditor cannot extend the limitation upon that right by neglecting to sue direct, and, in lieu of so doing, adopting the slower process of judgment against the corporation and motion for execution against the stockholders.

The right of action in this case accrued in 1886. The action was not instituted until 1893, a period of seven years. It cannot be maintained. The judgment of the court below is reversed, with directions to proceed in accordance with this opinion.

Other questions argued at length in the case need not be noticed.