J. C. Fox v. The First National Bank of Atchison.

No. 513.* (57 Pac. 241.)

1. Stockholder's Liability.—*Proceeding by Motion—Necessary Parties.* The proceeding under the statute against a stockholder to enforce his individual liability by motion for an execution is to all intents and purposes an independent proceeding, and the debtor corporation is not a necessary party to the action.

2. ——— *Limitation of Action or Proceeding.* A cause of action in favor of a creditor of an insolvent corporation against the stockholder upon his individual statutory liability accrues when the creditor first has the right of action therefor, and he must institute the necessary action by suit or motion for execution within the period of the statute of limitations from the time he first could have enforced his demand.

Error from Atchison district court. W. D. Webb, judge. Opinion filed May 10, 1899. Reversed.

*Henry Elliston,* and *Waggener, Horton & Orr,* for plaintiff in error.

*B. F. Hudson, C. D. Walker,* and *J. L. Berry,* for defendant in error.

The opinion of the court was delivered by

McElroy, J.: The First National Bank of Atchison, on the 23d day of June, 1890, recovered a judgment,

---

* Petition for order to certify denied by supreme court July 10, 1899.—Rep.

in proceedings of foreclosure, against the Hyde Park
Investment Company for the sum of $9450, and costs
of suit, with an order for special execution after ninety
days, and a general execution for any deficit which
might exist after the application of the proceeds of
sale.  On the 9th day of February, 1891, the first
special execution was issued ; other special executions
were issued, but the property was not sold until No-
vember 4, 1891.  The proceeds of sale were applied,
after payment of costs, to the satisfaction of the judg-
ment, but were insufficient to pay the whole amount
due thereon.  No other proceedings were had to col-
lect the judgment until the 19th day of November,
1895, when a general execution was issued, which was
returned unsatisfied.  March 16, 1896, a motion was
made for an execution against J. C. Fox, as a stock-
holder of the investment company, and upon the hear-
ing the court ordered execution.  This proceeding is
brought for the purpose of reversing that order.

The answer denied that the investment company
was indebted to the plaintiff bank, and alleged that
the plaintiff's cause of action, if it ever existed, was
barred by the statute of limitations.

The order for an execution was made on the 7th
day of July, 1896 ; this proceeding in error was com-
menced in this court on the 11th day of January,
1897.  The charter of the Hyde Park Investment
Company was dated May 7, 1887, and provides : " 4.
The term for which this corporation shall exist shall
be ten years."  The corporation therefore expired by
the limitation of its charter on the 7th of May, 1897.
The plaintiff in error has filed affidavits showing that
the judgment has not been revived against the legal
representatives of the corporation, and asks an order
reversing the judgment of the court below, with direc-
tion to the trial court to dismiss the proceedings.

The investment company is not a party to this proceeding, nor is it a necessary party. There is no provision requiring a second general execution against a debtor, nor is such execution necessary to fix the liability of the stockholder. If the investment company was indebted to the First National Bank on the judgment, the liability of the stockholder became a fixed liability long prior to the expiration of the corporation under its charter. (*Ball v. Reese*, 58 Kan. 614, 50 Pac. 875.) The proceeding under the statute against a stockholder to enforce his individual liability, whether by direct action or by a motion for execution, is to all intents and purposes an independent proceeding. The motion to remand will be overruled.

The only remaining question is that of the statute of limitations. Section 12 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4262), provides:

"Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action shall have accrued, and not afterwards: . . . Second, within three years: An action upon a contract not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

The Hyde Park Investment Company ceased to transact business in the latter part of the year 1888, and never thereafter resumed business. The plaintiff in error at all times was a resident of the city of Atchison. On the 4th day of November, 1891, the mortgaged property was sold under special execution and the net proceeds of the sale credited on the judgment; immediately thereafter the plaintiff had a right to a general execution. No general execution was issued on the judgment until November 19, 1895, and it was returned unsatisfied for want of goods, chattels, lands and tenements belonging to the de-

fendant.   The evidence conclusively shows that at the time the special execution was returned, on November 4, 1891, the Hyde Park Investment Company was wholly insolvent, and had ceased to transact any business since the latter part of 1888.   The liability of the stockholder for the debts of an insolvent corporation is a statutory liability and is barred in three years from the time the right of action accrued.   The general execution could have been issued at any time after November 4, 1891. Must a creditor vigilantly pursue his remedy in order to charge the stockholder with the payment of the corporation debts, or may he abide his time?   The defendant in error contends that a judgment creditor of an insolvent corporation may take out his special execution, sell the property, then wait not to exceed five years thereafter, take out his general execution, and, if it be returned unsatisfied, proceed by motion to charge the stockholder.

On the other hand, the plaintiff in error contends that the issuance of the general execution is a condition precedent to instituting proceedings by motion for an execution against the stockholder, and must be taken within the period of the statute of limitations. In the case at bar the defendant in error had it in its power, at any time after November 4, 1891, to enforce its cause of action by motion or by suit, regardless of anything the investment company might do ; yet more than three years elapsed after the property of the corporation was exhausted, by a sale under the decree, before the bank moved for an execution or took any steps to enforce the obligation of the stockholders which would become absolute by the dissolution by force of the statute.

Section 50 of chapter 66, General Statutes of 1897, provides :

"If any execution shall have been issued against

the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

In *A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kan. 628, 14 Pac. 271, the supreme court said:

"The statutes of limitation are statutes of repose which are founded on sound policy, and should be so construed as to advance the policy they are designed to promote. . . . Where preliminary action is essential to the bringing of an action upon a claim . . . and such precedent action rests with the claimant, he cannot prevent the operation of the statute of limitations by long and unnecessary delay in taking such action, but the statute will begin to run in a reasonable time after he could, by his own act, have perfected his right of action; and such reasonable time will not in any event extend the statutory period fixed for the bringing of such an action."

Many cases are cited in the opinion therein in support of this statement. In the case of *Rork v. Comm'rs of Douglas Co.*, 46 Kan. 176, 26 Pac. 393, the court said:

"A person cannot prevent the operation of the statute of limitations by delay in taking preliminary action incumbent upon him."

In *Bauserman v. Blunt,* 147 U. S. 647, 13 Sup. Ct. 466, the court said:

"In the absence of express statute, or controlling adjudication to the contrary, two general rules are well settled. 1st. When the statute of limitations has once begun to run, its operation is not suspended by a subsequent disability to sue. 2d. The bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim."

In the case of *Culp v. Culp,* 51 Kan. 341, 32 Pac. 1118, the court said:

"A creditor who must take affirmative action to obtain a right or remedy cannot safely sit still when he might act, nor long delay the taking of such initiatory steps as will enable him to maintain the action; and where he fails to act or take the essential steps within a reasonable time the statutory limitations will run."

In the case of *Cottrell v. Manlove,* 58 Kan. 405, 49 Pac. 519, the court said:

"A right of action having accrued to the creditors against the stockholders upon the dissolution of the corporation,  .  .  .  the statute of limitations necessarily started to run upon the happening of these events.  The liability of the stockholders being one created by statute, the period of limitation upon the right to enforce it was three years.  If it were true that the remedy of judgment against the corporation and execution thereafter against the stockholders is cumulative, and likewise open to the creditor, the possession of such additional remedy could not extend the period of limitation.  The right to pursue the stockholders under one of these statutes is in nowise different from the right to do so under the other.  The remedy is no more efficacious under one than the other.  An election between mere statutory forms of procedure does not give a right to extend the statu-

tory period of limitation for the commencement of such procedure. There are not two periods of limitation — one for each form of action; there is but one period of limitation for both actions."

The defendant in error in this case could have instituted suit directly against the stockholder, at least upon the confirmation of the sale of the mortgaged premises on the 4th day of November, 1891. It cannot be gainsaid that its right of action had fully accrued at that time, if it did not, in fact, accrue at the date of the dissolution of the investment company. On November 4, 1891, the investment company had suspended business for more than one year, and the last vestige of its property had been sold on execution. There was no reason why the bank could not at that time have proceeded in a direct action to charge the stockholder under section 45 of chapter 66, General Statutes of 1897 (Gen. Stat. 1899, § 1268), which reads :

"A corporation is dissolved, first, by the expiration of the time limited in its charter; second, by a judgment of dissolution rendered by a court of competent jurisdiction; but any such corporation shall be deemed to be dissolved, for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year."

This motion for execution against the stockholder was filed about eight years after the corporation had ceased to transact business; about six years after the rendition of the judgment; about four years after it could have been instituted by the exercise of ordinary diligence; and more than three years after a direct action could have been instituted to charge the stockholder upon his individual liability for the debts of

the corporation. This delay of more than three years in taking the preliminary steps to charge the stockholder upon his liability for the payment of the corporation debt is inexcusable. The creditor must institute his action or take the necessary preliminary steps by motion to charge the stockholder within the period of the statute of limitations. The cause of action against the stockholder upon his individual liability accrues when the creditor has the right of action.

The judgment will be reversed and cause remanded, with directions to the trial court to enter judgment upon the findings for Fox and against the First National Bank.