Bank v. King.

THE FIRST NATIONAL BANK OF ATCHISON, KANSAS,
v. SAMUEL C. KING.

No. 11283.

1. CORPORATIONS—*Stockholder's Liability—Limitation of Action.* When a corporation suspends business for more than a year, it is deemed to be dissolved so far as to enable creditors to enforce the individual liability of stockholders. The right of action in favor of the creditors accrues and the statute of limitations in favor of the stockholder begins to run immediately after the suspension for a year, and not after such suspension is shown or determined in a judicial proceeding.

2. ——— *Limitation of Action—Condition Precedent.* A creditor cannot postpone the statute of limitations by failing to take affirmative action, which rests wholly with himself, to perfect his right against stockholders upon their individual liability. As soon as reasonable time and opportunity for that purpose have been afforded him, the statute of limitations begins to run in favor of the stockholder.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 8, 1899. Affirmed.

*B. F. Hudson, C. D. Walker,* and *J. L. Berry,* for plaintiff in error.

*Henry Elliston,* and *Waggener, Horton & Orr,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding presents the question as to when the statute of limitations applies to the liability of a stockholder for debts due from a defunct corporation. Samuel C. King was a stockholder in the Hyde Park Investment Company, organized on May 9, 1887, to plat and subdivide $17\frac{54}{100}$ acres of land that had been purchased near the city of Atchison, and to sell the same. Only a part of the purchase-money for the land was paid by the corporation, and

the unpaid portion, $7500, stood as a mortgage lien against the land. No part of this debt was ever paid by the company. The land was never platted or put on the market for sale in lots or blocks, nor did the company ever sell any portion of the same. It never at any time owned any property except this land, nor did it ever pay any taxes on the same. The First National Bank of Atchison became the owner of the mortgage debt in June, 1887, and on February 28, 1889, it commenced an action against the company and others to recover judgment and to foreclose the mortgage. In June, 1890, the bank obtained a judgment against the company for $9450 and a decree foreclosing the mortgage. In accordance with the decree the mortgaged property was offered for sale four times, beginning on February 9, 1891, but it was not sold for want of bidders. On October 1, 1891, on the fifth order of sale, the property was sold for $1334, it being more than two-thirds of the appraised value of the land, the property having theretofore been appraised at $2000. A general execution was taken out on November 19, 1895, but no property could be found on which to levy, and in fact the company has owned no property of any kind or character, except the land in question, which was subject to levy, and there is now due and remaining unpaid on the judgment in favor of the bank $14,343.34.

It appears that the company elected officers immediately after the organization in May, 1887, and no other election of officers was ever held, nor was there any meeting ever held, either of stockholders or directors of the corporation, after October 6, 1888. Prior to the trial of the mortgage proceedings in 1890, the attorney for the bank had possession of the books and records of the company, and, after that trial at

least, the bank knew that the company was not carrying on the usual and ordinary business for which it was organized.   This proceeding to charge King as a stockholder was begun February 27, 1896, and the trial court held that it was barred by the three-years' statute of limitations.

A correct conclusion was reached.   It is shown that the company practically suspended business in 1888, and when a corporation suspends or ceases business for more than one year it is deemed to be dissolved within the meaning of the statute so far as to enable creditors to proceed against stockholders on their individual liability. (Gen. Stat. 1889, ¶ ¶ 1200, 1204 ; Gen. Stat. 1897, ch. 66, §§ 45, 49.)   For that purpose a suspension of business for more than a year is equivalent to a dissolution by expiration of the time limited in the charter of the company or to a judgment of a court of competent jurisdiction decreeing a dissolution.   When that occurs a right of action against the stockholders at once accrues in favor of the creditor, and from that time the statutory period of limitation is to be reckoned.   "The liability of the stockholders being one created by statute, the period of limitation upon the right to enforce it was three years." (*Cottrell v. Manlove*, 58 Kan. 405, 49 Pac. 519.)   This action was not instituted until more than seven years after the suspension of business, and clearly it was not in time.

The contention of the plaintiff in error that a corporation is not deemed to be dissolved after a suspension of business for one year, and that the right of action against the stockholders only accrues after it has been shown in some judicial proceeding that there has been such suspension of business, is not sound.   It is the fact of the suspension that operates and is treated as a dissolution, and a judicial proceeding and deter-

mination is not essential to the remedy of the creditor. Plaintiff in error insists that this provision was intended to extend the rights of the creditor, and was made for his benefit. This claim may be conceded, but while it gives him an earlier right against the stockholder, it carries with it the obligation or necessity of availing himself of the remedy within three years after the time it is open to him. (*Sleeper v. Norris*, 59 Kan. 555, 53 Pac. 757.) The fact that there is another remedy based on the insolvency of the corporation does not warrant the creditor in postponing the institution of proceedings more than three years after the time when the right of action first accrues. It was held in *Cottrell v. Manlove*, supra, that "the creditor cannot extend the limitation upon that right by neglecting to sue direct, and in lieu of so doing, adopting the slower process of judgment against the corporation and motion for execution against the stockholders." The condition of the bank would be no better if we assumed that it proceeded under paragraph 1192 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 50), and that the right of action accrued upon the rendition of the judgment against and the insolvency of the corporation. The judgment was rendered, as we have seen, in June, 1890, and the mortgaged property was sold pursuant to the judgment on November 4, 1891. At that time, at least, the plaintiff was aware of the dormancy and insolvency of the corporation, but it did not take out a general execution on the unsatisfied judgment until the latter part of 1895. At any time after the sale of the property the bank was at liberty to perfect its right against the stockholders under that provision of the statute by the issuance of an execution, and it could not enlarge the period of limitation by indefinitely postponing the taking out of an execution. This precedent action rested entirely with the

bank, and it is held that "a creditor who must take affirmative action to obtain a right or remedy cannot safely sit still when he might act, nor long delay the taking of such initiatory steps as will enable him to maintain the action ; and where he fails to act or take the essential steps within a reasonable time, the statutory limitation will run." (*Kulp v. Kulp*, 51 Kan. 341, 32 Pac. 1118 ; *A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 id. 628, 14 Pac. 271 ; *Rork v. Comm'rs of Douglas Co.*, 46 id. 176, 26 Pac. 391 ; *Bauserman v. Charlott*, 46 id. 480, 26 Pac. 1051 ; *Harrison v. Benefit Society*, 59 id. 31, 51 Pac. 893.)

In *Bauserman v. Blunt*, 147 U. S. 647, 13 Sup. Ct. 466, where this question was under consideration, it was held that "the bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim" ; and in *Palmer v. Palmer*, 36 Mich. 487, it was remarked that "it is no stretch of language to hold that a cause of action accrues for the purpose of setting the statute in motion as soon as the creditor by his own act and in spite of the debtor can make the demand payable." If the taking out of a general execution was necessary to give the bank a right of action, the act rested wholly with itself, and the step could be taken in spite of the debtor. If it desired to protect its rights, the steps should have been taken within a reasonable time, and the failure to avail itself of its remedy cannot, as we have seen, operate to enlarge the statutory limitation. This action was not brought within three years after these preliminary steps might reasonably have been taken, and in any view of the case this proceeding must be deemed to be barred.

The judgment of the district court will be affirmed.