McHale v. Moore.

F. M. McHALE v. CATHERINE MOORE.

No. 12,930.   (71 Pac. 522.)

SYLLABUS BY THE COURT.

1. CORPORATIONS — *Liability of Stockholders.*  Under the statute imposing individual liability upon stockholders of a corporation for its debts, a cause of action accrues in favor of a creditor against a stockholder when the corporation is dissolved, whether its debts are mature or immature.

2. ———— *Action on Guaranty — Limitation of Action.*  A guaranty by a corporation that a debt of another not due will be paid according to the terms of an obligation is not then a debt of the corporation, and, unless such obligation becomes a debt of the corporation, the holder thereof is not deemed to be a creditor of the corporation, within the meaning of the statutes imposing individual liability upon stockholders for corporate debts.

Error from Shawnee district court; Z. T. HAZEN, judge.  Opinion filed February 7, 1903.  Affirmed.

*D. H. Branaman*, and *F. M. McHale*, for plaintiff in error.

*Thornton W. Sargent,* and *Stebbins & Evans,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Catherine Moore to charge F. M. McHale, as a stockholder of the Western Farm Mortgage Trust Company, upon his individual liability for the debts of the company. The action was based on three obligations. Two of them were notes executed directly by the Western Farm Mortgage Trust Company, one dated January 1, 1890, for $400, payable January 1, 1900, and upon which there was still due $185; the other was a note for $500, executed July 1, 1890, and payable July 1, 1900, on which there was due the full amount. The remaining obligation was a note for $500, executed by the Seattle National Bank Building Company on May 1, 1890, payable to bearer on May 1, 1900. On July 29, 1890, the Western Farm Mortgage Trust Company guaranteed the payment of this note according to its terms. Catherine Moore acquired all these obligations in 1890. The Western Farm Mortgage Trust Company is a business corporation, organized under the laws of Kansas. It suspended business on March 6, 1892, and has not transacted any business since that time. On the date mentioned it was insolvent, and there is not now, and never has been since that time, any property of the company whereon to levy execution. This proceeding against the stockholders was brought March 21, 1901, and upon a demurrer to the petition the trial court held that the cause of action based upon the notes executed by the

company itself was barred by the statute of limitations, although the notes did not mature until 1900. The ruling must be upheld.

Under sections 32 and 44 of the act concerning private corporations (Gen. Stat. 1889, ¶ ¶ 1192, 1204), which formerly controlled, creditors had two remedies against stockholders—one when no corporate property could be found with which to satisfy a judgment against the corporation, and another where the corporation had ceased to do business and was deemed to be dissolved. The present case falls within the latter remedy, and must be governed by the statute which provides for its enforcement. Under section 40 of the act (¶ 1200), a corporation which has suspended business for more than one year is deemed to be dissolved for the purpose of enabling creditors to proceed against stockholders upon their individual liability. Then section 44 provides that "if any corporation . . . be dissolved leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution," etc. Can suits be brought against stockholders when dissolution occurs, or must they wait until the debts mature? Ordinarily a creditor has no right of action until the debt matures. A different rule, however, obtains where a corporation is actually dissolved, or in law is deemed to be dissolved. Then creditors have an equitable right to have all the assets of the corporation preserved and distributed ratably among them. To that end they may go into court and establish their claims and procure distribution, and every creditor of the corporation is entitled to come in and share in the distribution, whether his claim is mature or immature.

In *Cottrell v. Manlove*, 58 Kan. 405, 49 Pac. 519, in

speaking of the time a cause of action accrues, it was said :

"Of course, it is not to be understood that in every case the right of action accrues against stockholders and that the statute starts to run in their favor from the maturity of the debt against the corporation. The case before us is that of a dissolved corporation. In such case the statute gives an immediate right of action."

In *Bank v. King*, 60 Kan. 733, 57 Pac. 952, it was said :

"A suspension of business for more than a year is equivalent to a dissolution by expiration of the time limited in the charter of the company or to a judgment of a court of competent jurisdiction decreeing a dissolution. When that occurs a right of action against the stockholders at once accrues in favor of the creditor, and from that time the statutory period of limitation is to be reckoned."

In *Brigham v. Nathan*, 62 Kan. 243, 62 Pac. 319, the question was whether the statute ran against an immature obligation of a corporation which had suspended business and was regarded as dissolved, and, in speaking of the creditor's right, it was remarked that, notwithstanding the immaturity of his demand against the company, he had a present right of action against its stockholders, and that right of action began to run at the expiration of one year from the company's suspension of business. After quoting the statute applicable to cases like this, the chief justice remarked :

"This statute, as will be observed, authorizes suits against stockholders of corporations which have been dissolved 'leaving debts unpaid.' Now, a debt unmatured is as much a debt unpaid as though it had matured, and the statute has drawn no distinction between debts matured and unmatured. It authorizes suits on them because unpaid."

McHale v. Moore.

The question we have here was fairly within the case last cited. Full consideration was given to it, and, aside from the compelling force of the doctrine of *stare decisis*, we are of the opinion, upon further reflection, that it was well decided. An action against stockholders might have been instituted by creditors in March, 1893, and, as that was not done until more than three years after that time, the right of the plaintiff was effectually barred.

The remaining cause of action was based upon an obligation executed by the Seattle National Bank Building Company, and not by the dissolved corporation. The latter had guaranteed payment of the obligation when it became due, but whether it would become a debt against the Western Farm Mortgage Trust Company could not be known until the time of payment had arrived and either payment or default had been made by the building company. Until that time the holder of the obligation was not a creditor of the trust company, but was a creditor of the building company. The statute did not contemplate that stockholders should be required to respond for anything short of a debt of the corporation, and certainly, until the relation of debtor and creditor arose between the claimant and the corporation, no right of action accrued against the stockholder. It is conceded that the statutory period of three years had not elapsed after the claim became a corporate debt, and, as the application of the statute of limitations then, or since that time, has not been argued, we will not enter upon a discussion of it at this time.

The judgment of the district court will be affirmed.

All the Justices concurring.