## WHITMAN v. ATKINSON.

(Circuit Court of Appeals, Second Circuit. April 26, 1904.)

No. 140.

1. FEDERAL COURTS—STATUTORY LIABILITY—RULES OF DECISION.

Where a cause of action is created by a state statute, the question when the right of action accrues, and what conditions authorize its enforcement, is one of judicial construction, as to which the decisions of the highest court of the state are controlling on the federal courts.

2. CORPORATIONS—INSOLVENCY — STOCKHOLDERS' LIABILITY — STATUTES—CONSTRUCTION—LIMITATIONS.

Kan. Gen. St. 1889, c. 23, § 32, provides that, after an execution has been issued against a corporation and returned nulla bona, an execution may be issued on an order of court against stockholders to an extent equal in amount to the amount of his stock, or plaintiff in the execution may proceed by action to charge the stockholder with the amount of his judgment. Section 44 provides that if such corporation be dissolved, leaving debts unpaid, suits may be brought against stockholders at the time of the dissolution, and by another section the corporation is declared dissolved for such purposes when it has suspended business for more than a year. Under the decisions of the state courts, a creditor of a moneyed corporation may proceed by action to enforce the stockholder's liability under section 44 immediately after the expiration of a year from the date of suspension of business without recovering judgment against the corporation, the right being complete on the corporation's dissolution. *Held*, that a creditor was not entitled to delay suit against a stockholder under section 44 while he was maintaining a suit against the corporation under sec-

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

tion 32, and obtaining the return of executions unsatisfied, and hence the maintenance of such proceedings did not suspend the statute of limitations against an action against stockholders under section 44.

In Error to the Circuit Court of the United States for the Southern District of New York.

William G. Wilson, for plaintiff in error.

William B. Hornblower, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff. The action was tried by the court below without a jury, a jury having been waived by the stipulation of the parties, and the judgment rests upon the findings of fact and law made by the court, which cover all the questions litigated in the case.

The action was brought in the United States Circuit Court for the Southern District of New York to enforce the statutory liability of the defendant, under the laws of Kansas, as a stockholder of the Arkansas City Investment Company, a moneyed corporation of that state, for certain debts of that company. The plaintiff is a judgment creditor of that corporation, and is also the assignee of the debts and judgments of two other creditors against the corporation. The judgments against the corporation were recovered respectively in 1893, 1894, and 1895, in actions brought in one of the state courts of Kansas after the debts of the plaintiff and his assignors had severally accrued. Executions were issued upon these judgments in September, 1897, and were returned unsatisfied on November 20, 1897. The present action was commenced April 1, 1898. The Arkansas City Investment Company made an assignment for the benefit of its creditors December 15, 1890, and thereupon completely suspended business, and has never resumed.

Among the defenses interposed is that of the New York statute of limitations, which requires an action against a stockholder of a moneyed corporation to be brought within three years after the cause of action has accrued. The ruling of the trial judge that this statute was not a good defense is the basis for some of the assignments of error.

The statutes of Kansas creating the liability of stockholders for the debts of Kansas corporations are found in the Kansas General Statutes of 1889, c. 23. By section 32 it is provided that after an execution has been instituted against a corporation (except a railway, religious, or charitable corporation), and there cannot be found any property whereon to levy such execution, an execution may be issued upon an order of the court made in the action, upon reasonable notice to the stockholder against any of the stockholders, to an extent equal in amount to the amount of his stock; or the plaintiff in the execution may proceed by action to charge the stockholder with the amount of his judgment. Section 44 provides that if such a corporation be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of the dissolution, without joining the corporation. By another section it is provided that a cor-

poration is dissolved, for the purpose of enabling any creditor to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than a year.

If the plaintiff's cause of action accrued at the date of the dissolution of the corporation, the three-years statute of limitations is a bar, as it has been decided by this court, and by the Supreme Court, that the statute pleaded applies to such a cause of action as is alleged in the complaint. Hobbs v. National Bank of Commerce, 96 Fed. 396, 37 C. C. A. 513; Platt v. Wilmot (Sup. Ct. April 4, 1904) 24 Sup. Ct. 542, 48 L. Ed. 809.

It is not disputed that the corporation became dissolved, within the meaning of section 44, on December 16, 1890; but the contention for the defendant in error is that the cause of action did not accrue in respect to the several debts until the recovery of the judgments thereon, and the return of the executions unsatisfied.

When a cause of action is created by statute, the question when the right of action is brought into existence, and what conditions authorize its enforcement, is one of judicial construction, and, upon all questions concerning the interpretation and construction of the statute of a state, the decisions of the highest court of that state are authoritative and controlling. The interpretation becomes a part of the law of that state, as much so as if incorporated into the body by the Legislature. Christy v. Pridgeon, 4 Wall. 196, 18 L. Ed. 322.

By the decisions of the highest courts of Kansas construing the statutory provisions which have been referred to, a creditor of a moneyed corporation may proceed by action to enforce the liability of its stockholders under section 44 immediately after the expiration of a year from the date of its suspension of business, without awaiting the recovery of a judgment against the corporation, and the right of action is complete the moment the corporation is dissolved. According to the view of these decisions, section 32 relates to the exigency of corporate insolvency, and section 44 to that of corporate dissolution; under the one the action against the stockholder lies because the corporation is bankrupt, though not necessarily dissolved; under the other it lies because the corporation is dissolved, though not necessarily bankrupt.

In Cottrell v. Manlove, 58 Kan. 405, 49 Pac. 519, the court say:

"The remedy of the section last quoted (44) is open to the creditors immediately upon the dissolution of the corporation. Under its provisions there is no occasion to await the recovery of a judgment against the company, but action may at once be brought against its stockholders. * * * Indebtedness maturing after the dissolution, and growing out of a contingent liability existing at the time of such dissolution, is, in our judgment, within the intent of the act. The controlling factors in the problem which arises under this statute are the facts of indebtedness and corporate dissolution, and not the time of their occurrence."

In First National Bank of Atchison v. King, 60 Kan. 733, 57 Pac. 952, it was held, in substance, that the right of action in favor of the creditors of the corporation, as against stockholders, accrues at the expiration of one year after the corporation has ceased to transact

business, and not after such suspension of business has been shown or determined in some judicial proceeding.

In Brigham v. Nathan, 62 Kan. 243, 62 Pac. 319, it was held that the creditor, notwithstanding the immaturity of his demand against the corporation, had an immediate right of action against the stockholder when the corporation had ceased for one year to transact all business for which it was organized, and in the meantime had confined itself to the doing of such acts as were incidental and necessary to the final closing up of its affairs.

These decisions, as well as those in Crocker v. Ball (Kan.) 59 Pac. 691, Remington v. Hudson, 64 Kan. 45, 67 Pac. 636, and McHale v. Moore (Kan.) 71 Pac. 522, clearly establish the proposition that the plaintiff might have maintained the present action against the defendant at any time after the 16th day of December, 1891. The construction of the statute placed upon it by the courts of Kansas seems to be the reasonable, and, indeed, the necessary one; but, if we were disposed to differ from the courts of Kansas, nevertheless we are concluded by it, because the decisions of the highest court of a state in the construction of its own statutes are controlling upon the federal courts.

In Seattle National Bank v. Pratt (C. C.) 103 Fed. 62, it was held by the United States Circuit Court for the Northern District of New York that the decisions which have been referred to were in construction of sections 32 and 44 of the corporation law of Kansas, and as such were binding upon the federal courts. This court affirmed that decision. 111 Fed. 841, 49 C. C. A. 662.

In Hilliker v. Hale, 117 Fed. 220, 54 C. C. A. 252, in an action to enforce the liability of a stockholder of a Minnesota corporation, this court held that the question when the cause of action against the stockholder arose was controlled by the decisions of the court of that state in construction of its statutes relating to the liability of stockholders of corporations, and the court said:

"In courts outside of Minnesota, there is conflict as to when such cause of action arose; but we are of opinion that such question should be decided in conformity with the decision of the Minnesota courts, and they speak with no uncertain sound."

So far as the decision in Whitman v. Citizens' Bank, 110 Fed. 504, 49 C. C. A. 122, is in conflict with these decisions, it does not meet with our approval.

If the present action could have been brought to enforce the liability of the defendant immediately after the dissolution of the corporation, the bar of the statute cannot be parried by the election of the creditors to bring actions against the corporation pursuant to section 32, prosecute them to judgment, issue executions, and await the return of the executions unsatisfied.

"When a party knows that he has a cause of action, it is his own fault if he does not avail himself of those means which the law provides of prosecuting his claim, instituting such proceeding as the law regards sufficient to preserve it." Amy v. Watertown, 130 U. S. 320, 325, 9 Sup. Ct. 537, 32 L. Ed. 953.

In Bauserman v. Blunt, 147 U. S. 657, 13 Sup. Ct. 466, 37 L. Ed. 316, the court mentioned two general rules to be observed in apply-

ing statutes of limitation, in the absence of an express statute or controlling adjudication of the contract. The second rule was this:

"The bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim."

It is entirely clear that the maintenance of the present action does not depend upon the issuance or return of executions under section 32, and that the plaintiff would be entitled to recover under section 44 if his action had been brought within three years from the date of the dissolution of the corporation.

It is impossible to escape the conclusion that the statute of limitations was a perfect bar to the action, and that the court below erred in failing to give it such effect.

Judgment should have been rendered for the defendant, and accordingly the judgment will be reversed, with instructions to render such a judgment.