## RAMSDEN v. KNOWLES.

(Circuit Court, D. Massachusetts. April 27, 1906.)

### No. 134.

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—REPEAL OF STATUTE.

The repeal of Comp. Laws Kan. 1885, c. 23, art. 5, § 44, which gave creditors of a corporation a right of action against stockholders to recover their debts, by Acts 1898, p. 36, c. 10, § 17, did not affect the right of action against stockholders which accrued prior to the repeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1013.]

2. LIMITATION OF ACTIONS—EFFECT OF BAR—BAR OF DEBT AS AFFECTING SECURITY—CORPORATIONS—STOCKHOLDERS' LIABILITY.

Where the right of a creditor of a foreign corporation to enforce a statutory liability of stockholders was fixed on the dissolution of the corporation, such liability, was not affected by the subsequent extinction of the creditor's remedy against the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 651; vol. 12, Corporations, § 1097.]

3. SAME—WHAT LAW GOVERNS.

Where an action was brought in a federal court of Massachusetts to enforce a statutory liability of stockholders in a Kansas corporation under the laws of that state, the statute of limitations of Massachusetts, and not that of Kansas, was applicable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 4–8, 655.]

4. SAME.

An action in the federal courts of Massachusetts to enforce a stockholder's statutory liability for debts of a Kansas corporation is barred in six years by Pub. St. Mass. c. 197, § 1, and is not affected by Rev. Laws, Mass. c. 202, § 1, authorizing the maintenance of certain actions within 20 years.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 155; vol. 12, Corporations, § 1084.]

5. COURTS—FEDERAL COURTS—RULES OF DECISION.

Where the Supreme Court of Kansas held that a stockholder's statutory liability for debts arose at the time of the dissolution of the corporation, and that the date of the maturity of the obligation was immaterial, such decision would be followed in a federal court sitting in another state in a suit to enforce similar liability under the Kansas statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 950, 955–957, 983.]

Wm. Reed Bigelow, for complainant.

Stetson & Stetson and James R. Dunbar, for defendant.

LOWELL, Circuit Judge. This is an action at law to enforce stockholders' liability in the Lombard Investment Company, a Kansas corporation, pursuant to Comp. Laws Kan. 1885, c. 23, art. 5, § 44. The declaration alleges that the corporation is indebted to the plaintiff upon debenture bonds under seal, some of which became due July 1, 1899, and others at earlier dates; that the defendant has been a stockholder since 1890; that the corporation suspended business about September 14, 1896, since which time it has carried on no business whatever; that it is insolvent and has no assets, and is therefore dissolved. The defendant has answered, and the plaintiff has demurred to several paragraphs of the answer, viz.:

(7) That the statute of Kansas above referred to was repealed by Acts 1898, p. 36, c. 10, § 17, and is no longer in force. The demurrer is sustained upon the authority of Kisseberth v. Prescott (C. C.) 95 Fed. 357. The defendant's suggestion, that some of the bonds may have been issued since the repealing statute, contradicts the date of assignment set out in the account annexed.

(9) That the plaintiff's right of action did not accrue within three years before the date of the writ, and is therefore barred by Comp. Laws Kan. 1885, c. 80, art. 3, § 18. The defendant admits that, speaking generally, the Massachusetts statute of limitations controls this action, but he urges that, inasmuch as the plaintiff could not at this time bring suit on the bonds against the corporation in the courts of Kansas, he therefore cannot bring suit against the stockholders, whose liability is in the nature of a guaranty. But it does not follow that the plaintiff could not now sue the corporation in Massachusetts, and, moreover, inasmuch as the liability of the guarantor to the plaintiff was fixed upon the dissolution of the corporation, that liability is not affected by the subsequent extinction of the plaintiff's remedy against the principal.

(10) That the right of action did not accrue within five years before the plaintiff's writ, and that the defendant is therefore barred by the statute of Kansas last quoted. This defense falls with that set out in paragraph 9.

(11) That the right of action did not accrue within six years, which is the ordinary statutory limitation of Massachusetts. The statute of Massachusetts is applicable, as has already been decided. The plaintiff contends that the statutory liability here sued upon is a liability upon a specialty, and so is barred only by the lapse of 20 years. Rev. Laws Mass. c. 202, § 1; Bullard v. Bell, 1 Mason, 243, 289, 2 Fed. Cas. No. 121; Cork & Bandon Ry. v. Goode, 13 C. B. 826.

But the Massachusetts statute is not the statute of 21 Jac. I, c. 16, which was, in substance, under consideration in the cases just cited. It contains no mention of a "specialty." In Baker v. Atlas Bank, 9 Metc. 182, the Supreme Court of Massachusetts decided that Rev. St. Mass. 1836, c. 120, § 1, the remote predecessor of the Massachusetts statute here under consideration, differed substantially from

the English statute, and that a suit upon a liability substantially like the liability of this defendant was barred in six years. In Commonwealth v. Cochituate Bank, 3 Allen, 42, 46, the same court said that Gen. St. Mass. 1860, c. 155, § 1, the next statute in the order of succession, had the same meaning. The verbal changes introduced by Pub. St. Mass. c. 197, § 1, and by the statute here in question, import no change of meaning in this respect.

The plaintiff urges that some of the bonds did not fall due until 1899, and so the liability did not arise until that date, which is within the six-year term. The Supreme Court of Kansas has held that the stockholders liability arose at the time of dissolution, and the date of payment expressed in the bonds thus became immaterial. Brigham v. Nathan, 62 Kan. 243, 62 Pac. 319; McHale v. Moore, 66 Kan. 267, 71 Pac. 522. The plaintiff contends that these cases, which were decided since the dissolution of this corporation, overruled the earlier decisions of Hoyt v. Bunker, 50 Kan. 574, 32 Pac. 126, and Cottrell v. Manlove, 58 Kan. 405, 45 Pac. 519, and so should here be disregarded under the rule laid down in Gelpcke v. Dubuque, 1 Wall. 175, 17 L. Ed. 520. But in the earlier cases the law is not laid down so clearly in the plaintiff's favor that the modification, if any, introduced by the later decisions amounts to an impairment of the plaintiff's contract. The demurrer to this defense must be overruled.

The twelfth article of the defendant's answer seems to state in another form the defense declared to be insufficient in the ninth paragraph. Demurrer to the eleventh paragraph of the answer overruled. In other respects, the demurrer is sustained.