RAMSDEN v. KNOWLES.

(Circuit Court of Appeals, First Circuit. January 24, 1907. Rehearing Denied February 9, 1907.)

No. 660.

1. LIMITATION OF ACTIONS—LAW GOVERNING—ACTION IN ANOTHER JURISDICTION TO ENFORCE STATUTORY RIGHT.

The exceptional rule that, where a statutory right is given subject to a special limitation, such limitation inheres in the right and follows it into another jurisdiction where it is sought to be enforced to the exclusion of the statute of limitations of the forum, cannot be extended to make the general statute of limitations of the state where the liability arose operate extraterritorially.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 4–8.]

2. SAME—ACTION TO ENFORCE STOCKHOLDER'S LIABILITY—KANSAS STATUTE.

The statutory liability of stockholders to creditors of the corporation under Comp. Laws Kan. 1885, c. 23, § 44, is not in the nature of a specialty, but while statutory in origin is contractual in its nature, and an action to enforce it in that state is governed by the three-year provision of the general statute of limitations, which covers a "liability created by statute."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 151–157.]

3. SAME—MASSACHUSETTS STATUTE.

An action brought in Massachusetts to enforce the statutory liability of a stockholder in a Kansas corporation is governed as to limitation by the general Massachusetts statute of six years (Pub. St. Mass. 1882, c. 197, § 1.)

4. SAME—ACCRUAL OF CAUSE OF ACTION.

The right of action of a creditor of an insolvent corporation to recover his debt from a stockholder, given by Comp. Laws Kan. 1885, c. 23, § 44, accrues upon the dissolution of the corporation as contemplated by section 40 of such statute, regardless of the date of maturity of the debt.

In Error to the Circuit Court of the United States for the District of Massachusetts.

William Reed Bigelow, for plaintiff in error.

James R. Dunbar (Harrison M. Davis, on brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. In this case the plaintiff seeks in the district of Massachusetts to recover upon Kansas stockholder liability. The defendant was a stockholder in the Lombard Investment Company, a Kansas corporation, and the plaintiff was a creditor holding debenture bonds of different series, amounting in all to something over $100,000. The corporation suspended business in September, 1896, and the condition of affairs was such that the corporation is deemed to be dissolved within the meaning of the Kansas statute (Comp. Laws. Kan. 1885, c. 23, §§ 40, 44). This proceeding is against a stockholder upon the statutory liability, and the corporation is not joined.

151 F.—46

The only questions raised relate to the statute of limitations, and the particular questions are whether the statutory limitation is 6 years or 20, and whether the right of action accrued at the time of the dissolution or not until the bonds matured.

The plaintiff's main contention is that the contract is in the nature of a specialty, because the liability is created by statute. This contention, as a general proposition, finds considerable support in the English cases, like Cork & Bandon Railway Company v. Gould, 76 Eng. Com. Law Rep. 826, and American cases like Bullard v. Bell, 1 Mason, 243, Fed. Cas. No. 2,121.

It would seem to be quite clear, however, that a Massachusetts liability of this kind would not be a liability within the 20-year Massachusetts limitation. If, therefore, the case can be placed upon the Massachusetts statute alone, as to whether it is governed by the 6-year or the 20-year limitation, the plaintiff would have no standing, for reasons sufficiently pointed out by Judge Lowell in respect to the Massachusetts statutes and the local decisions. Ramsden v. Knowles (C. C.) 151 Fed. 718.

Unquestionably, the general rule is that the law of the forum controls with respect to statutory limitations upon rights of action. Whether this general rule is so broad and so conclusive as to control a situation in which it is sought to enforce a liability, created in another state, in a forum where a contract of its nature would be held subject to the limitation of six years, while in the state creating the liability it would be accepted as a liability of such a nature as to bring it within a limitation beyond that period, is something we need not decide, unless it shall be determined that the liability in question was in the nature of a specialty in the state of Kansas.

Under exceptional circumstances it is possible that the question might be influenced by the rule which makes the law of the state where the contract was made govern as to the nature of the contract, especially in a situation where the local decisions of the place of contract would make the contract something in the nature of a specialty and therefore within the 20-year limitation of the state where the contract was sought to be enforced, while the decisions of the latter would make it a contract not in the nature of a specialty and therefore something to be controlled by the 6-year limitation.

This might be so because, while the general rule, as already said, is that the statute of limitations of the forum ordinarily controls, there are doubtless exceptional instances, as claimed, in which the statute of limitations of the state creating liability so far inheres in the nature of the contract that it follows the right itself into other jurisdictions where the right is sought to be enforced. This exceptional rule seems to be recognized by such cases as Davis v. Mills, 194 U. S. 451, 454, 24 Sup. Ct. 692, 48 L. Ed. 1067, Theroux v. Northern Pacific Railroad, 64 Fed. 84, 12 C. C. A. 52, and Anglo-American Land M. & A. Company v. Lombard, 132 Fed. 721, 751, 68 C. C. A. 89, and is based upon the idea that the right is one not existing at common law, but created by a particular statute which, in connection with the creation of the right, provides a condition or limitation as a part of the thing itself.

And it is said in Davis v. Mills that the fact that the limitation is contained in the same section of the same statute is material only as bearing on construction.

We cannot look upon this exceptional rule as a rule which makes the general provisions of the statute of limitations existing in the state where the liability was created operate extraterritorially. In other words, the effect of it would not be to carry into other territory the general provision of the state law that time should not count if the party be out of the state, etc. If it were so, the effect of the exceptional rule would be to wholly overthrow the general doctrine that the lex fori governs. A statute which provides that, when a cause of action accrues against a person who is out of the state, the period of limitation shall not begin to run until he comes into the state, is only intended to operate within the state of its creation, and upon such parties as are within its jurisdiction.

It becomes necessary, however, upon the broader view, to see whether under the laws of Kansas the liability in question is a liability in the nature of a specialty, with a condition or limitation which inheres in the thing itself.

We have already said in effect that we accept the proposition that the liability is not within the 20-year provision of the Massachusetts statute of limitations as sufficiently established by the reasoning of Judge Lowell in the Circuit Court, provided the Massachusetts statute is to remain uninfluenced by something in the Kansas Constitution or statute relating to stockholder liability, which is so far a part of the right as to follow it extraterritorially. Now, looking at the Kansas law, we find that the liability created by the state of Kansas, as something to attach to the voluntary act of the stockholder, was not intended as one to which the broad 20-year limitation should attach either locally or extraterritorially. The Kansas statute of limitations expressly provides a limitation of three years upon a liability created by statute, other than a forfeiture or penalty. Thus it will be seen that the purpose of Kansas was to place a limitation of 3 years upon statutory stockholder liability rather than to extend it to 20. Quite independent of the Kansas decisions upon this subject, it seems clear that neither the Kansas Consitution nor the Kansas statute intended a liability in the nature of a specialty.

There is support for this view, in respect to statutory liability, in Carrol v. Green, 92 U. S. 509, 514, 23 L. Ed. 738, which was a case involving a statute similar to the Kansas statute in respect to individual stockholder liability, where it was said: "The implied promise of the stockholders to fulfill its requirements was the agreement on their part, and it was without specialty." The case of Carrol v. Green distinguishes itself from the situation involved in Bullard v. Bell, 1 Mason, 243, Fed. Cas. No. 2,121, with the significant suggestion that if Bullard v. Bell be in conflict with the views expressed in Carrol v. Green and the Massachusetts cases, to which reference is made, the latter were controlled by the better reason.

Ramsden v. Gately et al. (C. C.) 142 Fed. 912, involved the application of the New York statute of limitations of three years to the

Kansas stockholder liability, and there was no suggestion of its being a liability in the nature of a specialty, either under the laws of Kansas or of New York.

The theory, under principles of comity, upon which stockholder liability has been enforced extraterritorially, is that the liability is so far contractual that it can be distinguished from penal statutory liability, which is ordinarily not enforced outside of the state. It is quite unnecessary to review the large number of authorities explanatory of the nature of the obligation under stockholder liability statutes, and it is sufficient to say that the idea has come to be generally recognized that liability like that in question, though statutory in its origin, is contractual in its nature, or at least, as expressed by Mr. Justice Field in Company v. Railroad, 144 Mass. 341, 343, 11 N. E. 540, 59 Am. Rep. 86, the obligation imposed upon the stockholder by the statute is quasi ex contractu. This being so, and as a reasonable interpretation of the Kansas Constitution and statutes excludes the idea of a contract or a liability in the nature of a specialty, and includes the idea of a three-year limitation upon the liability in question, if it could be held upon reasonable construction, which is doubtful, that any part of the Kansas statute of limitations attaches to the right and follows it into this forum, it would be that part which applies itself directly to liability created by statute, and thus the Kansas law would operate to curtail rather than to extend the statute of limitations in this jurisdiction. It results, therefore, that the six-year provision of the Massachusetts statute of limitations is more favorable to the plaintiff's right than the limitation which would control the right in Kansas.

Under the view that the six-year limitation of the Massachusetts statute controls, it becomes necessary to inquire whether the plaintiff's cause of action accrued immediately upon the suspension and insolvency of the corporation, or upon the event of the maturity of the bonds. If the latter is true, the cause of action with respect to series 28 of the bonds would have accrued within six years of the date of the writ. Our conclusion upon this phase of the case is that the right of action accrued upon the happening of the insolvency and suspension contemplated by section 40 of chapter 23 of the Compiled Laws of Kansas. The cause of action is not primarily based upon the bonded indebtedness nor upon its maturity. The creditor right is based upon the contract which results from the voluntary act of the stockholder in becoming a member of the corporation and in assuming the obligation which the laws attach to such a relation. Though the right is not operative until the happening of a certain contingency, that contingency is not the maturity of the indebtedness, but the fact of indebtedness, insolvency, and dissolution of the corporation.

We must accept this question as one settled upon authority. If it were an open question, however, it would be difficult to find any substantial reason for postponing the right of action in respect to stockholder liability in a situation of conceded insolvency and dissolution without assets. We are unable to see any sufficient ground for making the right of action in respect to a liability of the kind in question await the maturity of the bonds. The policy of the law is to speedily

wind up insolvency situations; and, if the right of action was made to depend upon the maturity of bonds, it might be postponed 20 or 30 years, a thing not within the reasonable contemplation of the law, and a thing not within the possible contemplation of the parties to the contract. An interpretation of stockholder liability which would make the creditors' right of action against a stockholder depend upon maturity of bonded indebtedness would in a very substantial sense defeat the intended additional security to creditors.

It was said in Carrol v. Green, 92 U. S. 509, 511, 23 L. Ed. 738:

"According to the statute, the liability of each stockholder rose upon 'the failure of the bank.' The liability gave at once the right to sue; and, by necessary consequence, the period of limitation began at the same time."

The late cases in Kansas consider the question, and, without regard to whether the unpaid indebtedness is matured or unmatured, make the right of action accrue upon the happening of the event of the dissolution contemplated by section 40 of the Kansas statute, and we find no contrary fixed and settled doctrine in the earlier decisions of Kansas which would extend the plaintiff's right in this respect. McHale v. Moore, 66 Kan. 267, 270, 71 Pac. 522; Brigham v. Nathan, 62 Kan. 243, 249, 62 Pac. 319; Fox v. Bank (Kan. App.) 57 Pac. 241; Bank v. King, 60 Kan. 733, 57 Pac. 952; Cottrell v. Manlove, 58 Kan. 405, 49 Pac. 519.

The Kansas view as to unmatured indebtedness is fully recognized and sustained in the Eighth Circuit. See Crissey v. Morrill, 125 Fed. 878, 881, 882, 60 C. C. A. 460; Anglo-American Land M. & A. Company v. Lombard, 132 Fed. 721, 729, 730, 68 C. C. A. 89.

It was held in Whitman v. Atkinson, 130 Fed. 759, 761, 65 C. C. A. 185, in respect to a cause of action created by statute, that a judicial construction by the highest court of the state is controlling in other jurisdictions upon the question as to when the right of action is brought into existence. We need not consider whether this is always so or not, because we are not aware of any rule in Massachusetts applicable to a situation like that in question which contravenes the doctrine of the Kansas authorities.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.