No. 22,059.

JOHN M. DAVIS, as Bank Commissioner of the State of Arkansas, *Appellant*, v. M. J. DRURY, *Appellee*.

No 22,060.

JOHN M. DAVIS, as Bank Commissioner of the State of Arkansas, *Appellant*, v. J. M. MEADE, *Appellee*.

SYLLABUS BY THE COURT

1. INSOLVENT BANK—*Liability of Stockholders—Limitation of Actions.* Where a statute imposes an additional liability upon a stockholder on account of the insolvency of a corporation, in an amount equivalent to that which the stockholder has invested in the corporate stock, such liability is mature, and a cause of action accrues thereon when the fact of insolvency and the extent of the liability are determined; and the operation of the statute of limitations is not postponed by the unauthorized act of a public official who gives the stockholders a leniency of thirty days in which to pay their several statutory liabilities.

2. SAME. An action on a liability imposed by statute is barred in three years after such statutory liability has accrued.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 7, 1919. Affirmed.

*Stephen H. Allen, Otis S. Allen*, and *George S. Allen*, all of Topeka, for the appellant.

*Clad Hamilton, Clay Hamilton*, and *J. B. Larimer*, all of Topeka, for the appellees.

The opinion of the court is delivered by

DAWSON, J.: In these two cases, the bank commissioner of Arkansas seeks to recover from the defendants on their individual liability as stockholders of an insolvent bank. In 1912, the defendants acquired certain shares of stock in the Bank of Huntington, Ark. In 1913, the legislature of Arkansas enacted a statute (Kirby and Castle's Digest of the Statutes of Arkansas, ch. 13, 1916 ed.), imposing a double liability on stockholders of state banks. In May, 1914, the bank commissioner took charge of the Bank of Huntington because of its actual or impending insolvency. Thereafter the bank com-

missioner, upon full examination of its financial status, determined that the bank was insolvent, and on August 18, 1914, that officer made an assessment equivalent to 100 per cent—the full double liability—of the outstanding stock, and notified the defendants to pay the same on September 18, 1914.

These defendants failed or declined to pay, and this action was filed against them on September 5, 1917. In defense, the statute of limitations and certain constitutional objections were successfully interposed in bar of plaintiff's recovery in the trial court, and he appeals.

First, as to the statute of limitations: The Arkansas statute provides that the stockholders of a bank shall be held individually responsible, equally and ratably, for all the contracts, debts, and engagements of the bank, "to the extent of the amount of their stock therein, at the par value thereof, in addition to the .amount invested in such stock" (Kirby and Castle's Digest of the Statutes of Arkansas, ch. 13, § 537). The statute defines insolvency (§ 552), and provides that when the commissioner has ascertained the fact that the bank is insolvent, he shall require the stockholders to pay a sufficient sum to restore its solvency (§ 553), and when he takes possession of such a bank—

"The commissioner is authorized to collect moneys due it and do such other acts as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof as hereinafter provided. The commissioner shall collect all debts due and claims belonging to it . . . and if necessary to enforce the liabilities of its stockholders." (§ 554.)

In view of these statutory provisions, when did the liability of these defendant stockholders accrue? The statute fixed the liability upon the fact of insolvency; and the commissioner ascertained the fact of insolvency when he had completed his investigation of the bank's affairs on August 18, 1914. Whether an earlier date for fixing the stockholders' liability might be logically reasoned out, need not be decided. Was the liability complete and absolute on August 18? We find nothing in the statute giving the commissioner power to defer the maturity of the liability; nothing to suggest that the date when payment upon the liability should be made was dependent upon his grace, courtesy, or forbearance. It is argued that

the Arkansas statute is largely a copy of the federal bank act; that the duties and powers of the bank commissioner are analogous to those of the federal comptroller of the currency; and that the federal decisions touching liability of stockholders are that such liability is not due, does not mature, until the necessity to collect it is determined, the amount fixed, and the time of payment prescribed. And because the Arkansas statute is copied from the federal act, it is argued that the judicial interpretations of the jurisdiction from which the statute was borrowed should control. On some phases of this statute, not here pertinent, this rule has been applied by the supreme court of Arkansas. (*Davis, State Bank Commissioner, v. Moore,* 130 Ark. 128.) This rule is subject to exceptions. Where a statute is not peculiar to the jurisdiction from which it was adopted, and its interpretation by the courts of that jurisdiction is opposed to reason or the weight of authority, the construction given to the statute in the jurisdiction of its origin is not followed. (*The State v. Campbell,* 73 Kan. 688, 85 Pac. 784; *The State v. Chaplain,* 101 Kan. 413, 415, 166 Pac. 238.) It does not seem reasonable to read into the Arkansas statute a provision that the stockholders' liability is not mature until some date of payment prescribed by the bank commissioner, nor that that date could be advanced or deferred at his discretion. His administrative order requiring the assessment to be paid on September 18, 1914, thirty days after he had determined the necessity for the assessment, and had computed it, was a mere civility to the stockholders, designed, no doubt, to give them a little time to raise and pay their assessments, and to save himself the trouble of commencing possibly needless suits.

In our examination of the decided cases, we note that some of the actions to recover on stockholders' liabilities are based upon their contracts, either express or implied, to pay their assessments on call. In such cases, of course, the "call" date fixes the time when the statute of limitations begins to run (Note and citations in 96 Am. St. Rep. 984) ; but where the liability is imposed by statute, and the statute is silent as to the date when payment is due, an action on that statute accrues as soon as the fact of liability is ascertained. (*Bennett v. Thorne,* 36 Wash. 253, 68 L. R. A. 113, and citations.)

There is nothing peculiar to the Arkansas statute, or to the federal statute, of which it is said to be a copy, about the double liability imposed on stockholders of insolvent banks. It is substantially like our own law. (Gen. Stat. 1915, § 523.) This court holds that the defendants' liability had fully accrued on August 18, 1914. (*Cottrell v. Manlove,* 58 Kan. 405, 49 Pac. 519; *Bank v. King,* 60 Kan. 733, 737, and cases cited, 57 Pac. 952; *West v. Bank,* 66 Kan. 524, 534, 72 Pac. 252; *Abernathy v. Loftus,* 95 Kan. 87, 93, 147 Pac. 818; *McClun v. Lutz,* 99 Kan. 775, 162 Pac. 1164; *Ramsden v. Knowles,* 151 Fed. 721, 10 L. R. A. 897 and note.)

In view of the foregoing, it must be held that the present actions to recover on the liabilities imposed on these defendants by the Arkansas statute, which were begun more than three years after the causes of action accrued, were barred by the statute of limitations. (Civ. Code, § 17, Gen. Stat. 1915, § 6907.) This conclusion renders it unnecessary to consider the constitutional questions so ably discussed in the briefs of counsel.

The judgment is affirmed.