**LAWHEAD, Rec., v. KNAPPENBERGER.**

No. 27369. June 29, 1937.

John R. Miller, Roy T. Wildman, L. O. Lytle, and W. J. Postlethwait, for plaintiff in error.

Wilkerson & Smith, for defendant in error.

CORN, J. This action was commenced in the district court of Creek county by C. E. Lawhead, receiver of the Bank of Jacksonburg, W. Va., against D. L. Knappenberger, to recover $600 and interest from defendant Knappenberger. The petition alleged that said Bank of Jacksonburg was closed and declared by the Bank Commissioner of the state of West Virginia to be an insolvent institution; that defendant, prior to and at the time said bank was closed, was the owner of six shares of capital stock of said bank of the par value of $100 each; and that under the banking laws of West Virginia the owner of shares of stock in an insolvent bank became liable to the creditors and depositors of such banking institution in a sum equal to the par value of the shares of stock owned by such persons, and the receiver of such insolvent bank had authority to recover the same by civil action.

About June 12, 1934, the defendant died and Daisy L. Knappenberger, his surviving widow, was duly appointed executrix of his will and estate by the county court of Creek county. Thereafter, on June 3, 1935, this action was revived in the name of Daisy L. Knappenberger, executrix.

The defendant, Daisy L. Knappenberger, demurred to plaintiff's petition, which demurrer was by the court sustained. Plaintiff, by leave of court, filed an amended petition setting out the same cause of action as in the original petition, but making the amended petition more specific in certain particulars. The defendant then demurred to the amended petition, wherein four specific grounds were set out, only two of which were argued or presented to the trial court—Nos. 3 and 4. The court overruled the first, second, and third grounds of the demurrer and sustained the fourth, holding that plaintiff's cause of action is barred by the statute of limitations.

The plaintiff in the court below is plaintiff in error here, and defendant in the court below is defendant in error here. For the sake of brevity, we shall refer to them as plaintiff and defendant.

If the plaintiff's cause of action is barred by the statute of limitations, the trial court was correct in sustaining the demurrer on that ground; if plaintiff's cause of action is not barred by the statute of limitations, then the judgment and order of the trial court sustaining the demurrer and dismissing the plaintiff's petition was error, and the judgment of the trial court should be reversed.

The copy of the said assessment of 100 per centum levied against the stock of the Bank of Jacksonburg appears at page 71 of the case-made. This order bears date of September 24, 1929. This action was commenced June 18, 1934.

The West Virginia Code of 1913, section 3034, on personal liability of stockholders, chapter 54, section 78A, reads as follows:

"III. The stockholders of every bank heretofore organized or that may hereafter be organized, under the provisions of this chapter, shall be personally liable to the creditors thereof over and above the amount of stock held by them respectively to an amount equal to their respective shares so held for all liabilities accruing while they are such stockholders. (Acts 1913, c. 21.)"

Section 101, O. S. 1931, provides as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

Defendant contends that the second subdivision of said section, supra, applies to the cause of action of plaintiff and that said cause of action is one to enforce a liability imposed by statute, the time limit being three years. We are unable to find any Oklahoma cases in which this proposition is involved.

The section above referred to comes from the Kansas Code. The case of Davis, State Bank Commissioner, v. Drury (Kan.) 181 P. 559, was a case in which the Banking Department of the state of Arkansas was seeking to enforce collection of stock liability in an Arkansas bank in the Kansas courts. The second paragraph of the syllabus reads as follows:

"An action on a liability imposed by

390

statute is barred in three years after such statutory liability has 'accrued."

In the body of the opinion the court said:

"In view of the foregoing, it must be held that the present actions to recover on the liabilities imposed on these defendants by the Arkansas statute, which were begun more than three years after the causes of action accrued, were barred by the statute of limitations. Civ. Code, sec. 17 (Gen. St. 1915, sec. 6907). This conclusion renders it unnecessary to consider the constitutional questions so ably discussed in the briefs of counsel.

"The judgment is affirmed.

"All the Justices concurring."

The case of Royal Trust Co. v. McBean (Cal.) 144 P. 139, is in point. That was a suit by authorities of the Dominion of Canada to recover on double liability of a shareholder in an insolvent bank. The second paragraph of the syllabus is as follows:

"The three-year limitation prescribed by Code Civ. Proc. sec. 359, on actions to enforce liabilities created by law, applies to an action to enforce the liability of the shareholders in a Canadian bank under the bank act of that dominion, providing that stockholders in a bank shall be liable for an amount equal to the par value of their shares over and above any unpaid balance due on their subscriptions, such liability being one imposed by law in contradistinction to the contractual liability to pay the full amount of the subscription price."

The case of Cowden v. Williams (Ariz.) 259 P. 670, also applies. That was an action to enforce stockholders' liability of the Central Bank of Phoenix. On page 673 the court said:

"The second and more difficult question is the application of the statute of limitations. It is contended by appellants that the action is governed by subdivision 3, par. 709, R. S. A. 1913, Civil Code, which reads as follows:

"'709. There shall be commenced and prosecuted within one year after the cause of action shall have accrued. * * *

"'(3) An action upon a liability created by statute, other than a penalty or forfeiture.'

"Appellee suggests that, since the charter of the bank, as well as the constitutional provision, imposes the double liability, it may be that the case is within the six-year provision of the statute (Civ. Code 1913, par. 714, as amended by Laws

1917, c. 76, sec. 2), referring to contracts in writing. He does not, however, urge this point or cite any authorities in support thereof, and we are satisfied it is not well taken. The matter is governed by subdivision 3, par. 709, supra."

In the case of McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, the United States Supreme Court passed squarely upon this question. This action was by a receiver on an assessment made by the Comptroller of Currency against a shareholder of a national bank to enforce his statutory liability. The defendant set up the statute of limitations, which the court sustained and dismissed the action. The case was then taken to the Circuit Court of Appeals, and the judgment of the Circuit Court reversed. When the case was remanded the Circuit Court overruled the demurrer, McClaine answered, 'and a trial was had, resulting in a judgment for the receiver, which was affirmed by the Circuit Court of Appeals. A writ of error was then brought to the Supreme Court of the United States.

In the body of that opinion the court said:

"It is true that in particular cases the liability has been held to be in its nature contractual, yet it is nevertheless conditional, and enforceable only according to the federal statute, independent of which the cause of action does not exist, so that the remedy at law in effect given by that statute is subject to the limitations imposed by the state statute on such actions."

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON and HURST, JJ., concur.